ODOM, Justice.
 

 This is a damage suit arising out of an automobile accident which occurred at night on a public highway. The trial judge wrote an opinion in which he stated the facts to be that plaintiff, while walking on his right-hand side of the highway, was struck and injured by defendant’s automobile going in the same direction; that plaintiff was walking on the wrong side of the road and was drunk and staggering ; that it was a plank road with a three-foot shoulder; that just before the accident plaintiff was seen by the occupants of a passing car to be staggering from the shoulder to the road and was told to get off the road; that “plaintiff wobbled to the shoulder of the road and proceeded on his way up the Plank Road.”
 

 ■ The trial judge found as a fact that plaintiff was guilty of the grossest kind of contributory negligence. But he held that defendant was liable in damages under the doctrine of the last clear chance, even though defendant’s son, who was driving the automobile, testified that he did not see plaintiff until the car was about five
 
 *863
 
 feet from him and it was then too late to avert the accident.
 

 The trial judge based his conclusion that defendant was liable upon his finding as a fact that defendant’s minor son could have seen plaintiff staggering and wobbling on the road in front of him in time to stop the car and avert the accident if he had been looking. He held that, it was the duty of the driver to look ahead constantly and vigilantly.
 

 The Court of Appeal, First Circuit, in its opinion, which was unanimous, reviewed and analyzed the testimony at length, and its appreciation of the facts corresponded in all respects with the findings of the trial judge. 176 So. 622.
 

 Commenting on the facts and the duty of the driver of the car, the Court of Appeal said (page 623):
 

 “If plaintiff was walking up the road ahead of the driver, and the driver could see ahead of him as he says, 25 to 30 feet, he admits his negligence in failing to keep a proper lookout when he says that he did not see plaintiff until within 5 feet of him, and traveling 20 to 25 miles per hour. * * *
 

 “However, if plaintiff staggered from the shoulder of the road onto the pavement directly in front of the driver, an inference that seems to be justified from the evidence, the driver is still not shown to be free of negligence under the sudden emergency doctrine. There was no obstruction in the highway nor on the shoulder to prevent the driver from seeing plaintiff if and when he staggered from the shoulder into the highway. It is evident that plaintiff did not precipitately and at right angles come into the highway, for the driver says that when he saw plaintiff, he (plaintiff) was walking up the road in front of him. The driver, according to his own testimony, could have seen plaintiff at least 25 or 30 feet ahead of him, whether plaintiff was walking on the shoulder or on the pavement. It was the duty of the driver to observe this drunken man staggering in the manner heretofore described, and to exercise the same degree of reasonable care as he would in the case of a child or helpless person.”
 

 Referring to the defense urged by counsel for defendant, the Court of Appeal said (page 624) :
 

 “The defendant pleads contributory negligence on the part of the plaintiff in that plaintiff was walking on the wrong side of the road at a time when traffic was heavy; that plaintiff was so drunk that he did not know on which side of the road he was walking. Plaintiff, was guilty of negligence in walking on the right-hand side of the road, in the traffic lane of cars - going in the same direction, at night and while in an intoxicated condition. Section" 3, Rule 11, of Act No. 21 of 1932, requires pedestrians to walk on their left side of the highway and as near to the left edge as possible, and if they fail to do so they shall be regarded prima facie, at fault and liable for any consequences. Whether the plaintiff suddenly staggered out in front of the car, or was walking in front of the car, in the middle
 
 *865
 
 of the lane of traffic where he was struck, in such a condition as not to be able to realize the danger, he was guilty of contributory negligence.
 

 “It is urged by plaintiff, and was so held by the trial court, that even though plaintiff was guilty of contributory negligence, the defendant is liable under the doctrine of last clear chance. Plaintiff by putting himself on the wrong side of the traffic, and while in such a drunken condition as to be unable to see the danger or extricate himself from his peril, was guilty of negligence, which negligence continued down to the time he was struck. But if the driver saw, or could have seen by the exercise of reasonable care, the dangerous and perilous position in which plaintiff had placed himself, and could have avoided striking him by the exercise of due care, but failed to do so, the defendant is responsible for the injury. Loewenberg v. Fidelity Union Casualty Co. et al. (La.App.) 147 So. 81; Harlow v. Owners’ Auto Ins. Co. et al. (La.App.) 160 So. 169; Iglesias v. Campbell (La.App.) 175 So. 145; Burvant et ux. v. Wolfe, 126 La. 787, 52 So. 1025, 29 L.R.A.,N.S., 677; Tyer v. Gulf, C. & S. F. Ry. Co., 143 La. 177, 78 So. 438.”
 

 The Court of Appeal reversed the judgment of the district court on the ground that the doctrine of the last clear chance was not applicable. It said:
 

 “But the recent case of Rottman v. Beverly, 183 La. 947, 165 So. 153, has clearly modified the doctrine in so far as this state is concerned by limiting the liability in such cases only when it is shown that the defendant actually discovered the perilous position of plaintiff in time to prevent the accident, and failed to do so.”
 

 The court’s interpretation of the ruling in the Rottman Case is erroneous. In that case, Mrs. Rottman, the plaintiff, was guilty of gross negligence by walking diagonally across a much used paved highway without looking, and it appears that her negligence continued up to tb,e moment of the accident. The trial judge held in that case that she was entitled to recover under the last clear' chance doctrine. The Court of Appeal, First Circuit, the same court which denied recovery in the case presently under consideration, reversed the ■judgment of the district court on the ground that Mrs. Rottman’s negligence continued up to the moment of the accident, saying (162 So. 73, 75):
 

 “Her negligence, as heretofore stated, was inexcusable, and it continued up to the very moment of the accident. Our Supreme Court has ■ repeatedly held that under such circumstances the doctrine of ‘last clear chance’ does not apply. Jarrow v. City of New Orleans, 168 La. 992, 123 So. 651, quoting, with approval, expression in the case of Harrison v. Louisiana Western R. Co., 132 La. 761, 61 So. 782.”
 

 The sole question considered by this court in that case was whether there' can be recovery in negligence cases where the plaintiff is guilty of contributory negligence which continues up to the moment of the accident. After reviewing at some length several cases decided by this court, and the jurisprudence of other states touching
 
 *867
 
 that question, we said (page 155 of 165 So.):
 

 “It is frequently stated by courts that there can be no recovery in' negligence cases ‘where it appears that the negligence of the plaintiff continued until the moment of 'the accident,’ but that is not a correct statement of the rule. Thus broadly stated, it is misleading, for it is not true in a strict legal sense that a plaintiff is barred from recovery under any and all circumstances merely because he was guilty of negligence which continued down to the moment of the accident which caused his injury, and this court has never so held.”
 

 What we held was that, where a plaintiff
 

 “negligently puts himself in a place of danger and his negligence and danger are actually discovered by the defendant, then there devolves upon the defendant a duty which intervenes or arises subsequent to the negligent acts of the plaintiff, and that duty is to save the plaintiff from the consequences of his negligent acts if he can.”
 

 In the course of our opinion, we said:
 

 “In cases of discovered peril, it is pertinent and material to ascertain whether the defendant could, after discovering plaintiff’s peril, have averted the accident by the exercise of due diligence. If he could have averted the accident by the exercise of due diligence and failed to do so, his negligence in that respect is considered the proximate and immediate cause of the injury, and the plaintiff’s negligence the remote cause, and the plaintiff may recover although his negligence continued to the instant of the accident. The basis of recovery in such cases is the defendant’s superior knowledge of the peril and his ability to avoid the injury. He has the last clear chance. 20 R.C.L. § 116, page 141.”
 

 Apparently, the judges of the Court of Appeal, First Circuit, think we intended to hold, and did hold, that, merely because the defendant in such cases fails to discover the plaintiff’s peril, he is not liable; that the effect of our ruling is to absolve the defendant from the duty of being vigilant. But the following quotation from that opinion (page 156) demon- • strates the error into which they have fallen:
 

 “The first duty of those who operate engines or motor vehicles is to keep a sharp lookout ahead to discover the presence of those who might be in danger.”
 

 This makes it clear enough, we think, that we did not intend to, and did not, set aside the well-recognized and settled rule that the duty of those in charge of motor cars and engines to look ahead and observe never ceases; that what they can see they must see and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability.
 

 Up to the time the Court of Appeal decided the Rottman Case, 162 So. 73, the jurisprudence relating to the last clear chance doctrine was confusing. This court in several cases had said in general terms
 
 *869
 
 that, where the negligence of a plaintiff continued up to the moment of the accident, there could be no recovery. Such statements had been made without qualification, and what we held in the Rottman Case was that such statements were too broad, and we qualified the rule by holding that, when a defendant sees another in peril of which the other is not aware, then a second or subsequent duty arises and devolves upon the defendant, which duty is to use every possible available means to avert injury. We said (page 156) :
 

 “If the defendant fails to perform that duty, his negligence in that respect is regarded as the proximate and immediate cause of the injury and the negligence of the plaintiff in putting himself in a place of danger, the remote cause. In such cases the last clear chance doctrine applies even though plaintiff’s negligence continues up to the accident.”
 

 The only difference between the Rottman Case and the case presently before us is this: In the Rottman Case Mrs. Rottman was guilty of gross negligence which continued up to the moment of the accident. Beverly, the driver of the automobile, actually saw her in her perilous position in time to avert the accident had he used proper precautions. In the present case the plaintiff was guilty of gross negligence which continued up to the moment of the accident. The driver of the car did not see, but could have seen, plaintiff in his peril if he had been looking ahead. The mere fact that the driver of the car in this case did not see plaintiff does not absolve the defendant from liability, because it was the duty of the driver to look, and, according to the findings of both courts, he was not looking. The Rottman Case is not authority for holding that, merely because the driver of the car in this case did not actually see the plaintiff, the defendant is not liable.
 

 There was judgment in the District Court in favor of plaintiff for $750.00 and costs. Our review of the testimony convinces us that this judgment is correct.
 

 For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside, and it now ordered that the judgment of the district court be, and it is, affirmed.