Mr. and Mrs. Paul Daly brought this suit to recover damages from Employers Liability Assurance Corporation, Ltd., the liability insurance carrier of Mrs. R.G. Robinson, for the personal injuries received by Mrs. Daly in an automobile accident, which occurred on February 18, 1941, at about 4:00 p.m. when the automobile driven by Mrs. Daly was struck by another car operated by Mrs. R.G. Robinson at the intersection of Danneel and Robert streets in the city of New Orleans. Mrs. Daly prays for judgment for $11,000 for her personal injuries and Mr. Daly seeks to recover $2,342 for the expenses he has undergone for the treatment of his wife.
The plaintiffs allege in their petition that the accident occurred solely through the fault of Mrs. Robinson, in that she did not *Page 397 
have her car under control; that the brakes of her car were defective; that she was traveling in excess of 20 miles per hour; that she failed to accord the Daly car the right of way, notwithstanding the fact that the latter had preempted the intersection and had nearly completed it at the time it was struck and, lastly, that she could have avoided the accident by veering to the left of the Daly car, as there was ample room for her to pass in safety. They further plead that Mrs. Daly was without fault in the premises but, if it should be determined otherwise, the defendant is nevertheless liable because Mrs. Robinson had a last clear chance to avoid the collision.
Defendant, in resisting plaintiffs' demand, admits the happening of the accident but denies that Mrs. Robinson, its insured, was guilty of negligence in any particular. It sets forth that the accident resulted exclusively from the fault of Mrs. Daly, who was driving on Robert street in the wrong direction and in violation of the city traffic ordinance, which designates Robert street as a one way thoroughfare for vehicles proceeding from South Claiborne Avenue in the direction of St. Charles Avenue. In the alternative, defendant alleges that, in the event the court should find that Mrs. Robinson was at fault in any respect, plaintiffs' recovery is nevertheless barred because of the contributory negligence of Mrs. Daly.
After a trial before the District Judge on the foregoing issues, there was judgment in favor of the defendant. Plaintiffs have appealed from the adverse decision.
The record in the case reveals the following facts: The accident occurred in the intersection of Danneel and Robert streets on February 18, 1941, at about 4:00 p.m. These streets are paved thoroughfares which cross each other at right angles. Danneel street, which is 45 feet wide, is a one way street for traffic proceeding from the business district towards Carrollton Avenue. Robert street, which is 30 feet wide, is a one way street for traffic traveling from South Claiborne Avenue towards St. Charles Avenue. Mrs. Robinson was driving her car on Danneel street in the direction of South Carrollton Avenue. Mrs. Daly was driving her car on Robert street against traffic, in violation of the city ordinance, as she was travelling from St. Charles Avenue in the direction of South Claiborne Avenue. When the automobiles were in the act of negotiating the intersection of Danneel and Robert streets, they came into collision; the Daly car being struck on its right rear door and fender by the front bumper of the Robinson car, causing it to topple over on its left side.
Mrs. Robinson was alone in her car at the time of the collision. Mrs. Daly was accompanied by her mother-in-law, a very old lady who was unable to testify at the trial, and her young son, who was lying on the back seat of the car. Apparently, he did not see the collision. In fact, the only witness to the accident, who testified for plaintiffs, is Mrs. Daly herself. She stated, in substance, as follows:
That she was formerly a resident of Purvis, Mississippi, and had moved to New Orleans some four or five months prior to the accident; that she was not well acquainted with the numerous one way streets in New Orleans, particularly those within the vicinity of the accident; that she had not previously driven on Robert street and did not know that it was a one way street for traffic travelling in the direction opposite to that in which she was driving; that Robert street, on the river side of St. Charles Avenue, is a two way street; that, prior to the accident, she had been travelling on Robert street in the direction of St. Charles Avenue; that, when she crossed over St. Charles Avenue and proceeded into the lakeside of Robert street, there were no signs or other warnings on the corner of St. Charles Avenue to advise her that Robert was a one way street; that, believing that it was a two way street, she continued on past the intersecting streets (Carondelet, Baronne and Dryades streets), still under the impression that she was not going against traffic; that she did not observe any signs at the corners of these intersecting streets indicating that Robert street was to be used exclusively by traffic coming from the opposite direction and that cars were parked both ways on that street, leading her to believe that it was a two way thoroughfare. She further says that she was travelling at a speed of about 20 miles an hour; that, upon approaching the intersection of Danneel street, she slowed the speed of her car to about ten or fifteen miles an hour and looked down Danneel street for traffic approaching from her right; that she could see approximately 150 feet down Danneel street; that, upon failing to observe any traffic coming from downtown on Danneel street, she looked to her left, up Danneel street and, seeing *Page 398 
that the roadway was clear, she proceeded to cross it and that, when she had practically negotiated the intersection, her car was suddenly struck on its right rear side by the Robinson car which had come suddenly into the intersection from Danneel street.
Mrs. Robinson's version of the accident is that she has been driving an automobile for many years; that she is well acquainted with the city traffic ordinance; that she drives her car over Danneel and the adjacent streets in the vicinity of the accident very often; that, on the day of the mishap, she was driving up Danneel street at a speed of between 20 and 25 miles per hour; that she is well aware that some of the intersecting streets are dangerous crossings and that, for that reason, she slowed down the speed of her car before attempting to cross them; that, upon approaching Danneel street, she slowed down, went into second gear and looked to the right out Robert street because she knew that Robert was a one way street for traffic travelling towards St. Charles Avenue; that, upon failing to observe any traffic approaching the intersection from the lakeside of Danneel street, she proceeded to negotiate the crossing and that, just as she was doing so, the Daly car suddenly loomed directly in front of her car and that, in view of its unexpected appearance in the roadway from the wrong side of the street, it was impossible to avoid striking it, notwithstanding the immediate application of her brakes.
The defendant, in support of Mrs. Robinson's statement, tendered the testimony of a colored girl named Ruby Williams. She says that she was on the uptown river corner of the intersection at the time of the accident and saw the collision. From her recollection of the facts, she makes out a stronger case for defendant than Mrs. Robinson herself. However, we do not find it necessary to discuss her testimony in detail, as her statement (while apparently honest) shows that she is mistaken in at least one important particular. She asserts that Mrs. Robinson brought her car to a full stop at the intersection and Mrs. Robinson concedes that she did not do so. Moreover, a reading of Mrs. Robinson's testimony has convinced us of her sincerity and accurateness of statement and, therefore, the main question to be considered is whether she did all that the law requires of a prudent driver to do under the circumstances presented.
After scrutinizing Mrs. Robinson's evidence in connection with the physical facts of the case, we are convinced that she did everything that a careful driver would have done prior to her entrance into the intersection. She says that she was driving her car at between 20 and 25 miles an hour which, while slightly in excess of the 20 miles per hour speed permitted by the city ordinance, is obviously a minor infraction without any bearing whatsoever upon the ensuing accident. Upon approaching the corner of Robert street, Mrs. Robinson looked to her right for traffic proceeding out Robert street towards St. Charles Avenue, as it was her duty to do, inasmuch as Robert is a one way street for traffic coming from that direction. There was plainly no reason for her to expect anyone to be violating the city ordinance by driving the wrong way on Robert street and, hence, no duty rested upon her to look for cars proceeding on Robert street in the direction of South Claiborne Avenue. Her attention, insofar as vehicular traffic was concerned, was naturally and rightfully focused on traffic coming from her right on Robert street and, upon observing that there was no such traffic, she was fully within her rights in proceeding across the intersection.
On the other hand, it is manifest that Mrs. Daly, by violating the city ordinance in driving the wrong way on Robert street, was the author of her own misfortune. Her testimony to the effect that she was ignorant of the fact that Robert was a one way street, because she was not acquainted with the neighborhood and because the street was not adequately marked with traffic signs, is not impressive. In the first place, her statement that traffic signs were not posted on Robert street displaying it as a one way street is destroyed by the photographs offered in evidence by plaintiffs themselves which show the appearance of such signs at the corner of Danneel and Robert streets. In addition, we think that the fact that Mrs. Daly says that she was not acquainted with the streets in the vicinity of the accident should have prompted her to drive more cautiously than she would have been required to drive under ordinary conditions. It will not do for her to say that she did not know and did not see, when the law charges her with knowledge and with seeing what she should have seen. It is true, as her counsel argue, that the mere violation of a traffic ordinance is not negligence per se and, were it the *Page 399 
fact that her violation of the ordinance had no causal connection with the accident, it would be unimportant in the determination of the case. But it is clear, from the manner in which the accident occurred, that Mrs. Daly's violation not only had causal connection with the collision, but that it was the predominating and, albeit, the sole cause of it. The result to be reached here cannot be predicated on the fact, if it be a fact, that Mrs. Daly got into the intersection first. The prevailing factor is that she came into the crossing from the prohibited side and from a direction that other automobilists using the intersection could not be required to foresee or anticipate.
Since we find that Mrs. Robinson was not primarily negligent, we pass on to a consideration of plaintiff's plea that, notwithstanding Mrs. Daly's initial fault, Mrs. Robinson had a last clear chance to avoid the mishap. Plaintiffs' counsel contend that, if Mrs. Robinson had been exercising a proper lookout and had been going at a moderate rate of speed, she would have observed Mrs. Daly coming into the intersection ahead of her and that she could have stopped her car in time to avoid striking the Daly automobile. Counsel argue that it was not enough for Mrs. Robinson to have looked to her right for traffic coming out Robert street; that she should have looked to her left and that, if she had done so, she would have seen the Daly car within time to avert striking it, provided she was not travelling at an excessive rate of speed.
We cannot agree with counsel. A prudent driver, upon approaching a street which he knows to be a one way street, looks for traffic in the direction in which it is supposed to travel and he cannot, by any rule of law or reason, be expected to anticipate that anyone is going to violate the law by proceeding into the intersection from the wrong way.
Counsel for plaintiffs further say that Mrs. Robinson's testimony shows that she kept looking to the right and that she did not, before coming into the intersection, glance in front of her; that it was her duty to look forward at all times and that, if she had looked, she would have seen the Daly car which had preceded her into the intersection. However, a fair reading of Mrs. Robinson's testimony does not, we think, justify the interpretation placed upon it by counsel. She says that she looked for traffic coming from her right on Robert street and that, seeing none, she went forward into the intersection. She does not say that she continued to look to the right when she felt certain that it would be safe for her to cross the street. On the contrary, we understand her testimony to be that, after she was aware that there was no traffic coming from her right on Robert street, she then looked straight into the street and proceeded to cross the roadway. Of course, at the time she came into the intersection, the Daly car was already going across from the opposite direction. But, as we have said, there was no reason for her to anticipate such an unusual movement by the Daly car.
Moreover, even if Mrs. Robinson could have or should have seen the Daly car coming into the intersection before she reached it, there is much doubt in our minds that she would have been able to avert the collision. In these circumstances, she would not be liable under the doctrine of last clear chance, for, while the doctrine has been expanded by the Supreme Court in Jackson v. Cook, 189 La. 860, 181 So. 195, so as to include cases where the negligent plaintiff (whose negligence continues up to the moment of the accident) is not discovered by the negligent defendant, who was in a position to observe plaintiff's peril and failed to do so, this rule will not be applied in cases where it is uncertain that, if the peril of the negligent plaintiff had been discovered, the defendant would have been able to exert the means within his control to avoid the accident. See Jones v. American Mut. Liability Ins. Co., La.App., 189 So. 169, and Fontenot v. Freudenstein, La.App., 199 So. 677.
In the case at bar, there is nothing contained in the evidence to show that, if Mrs. Robinson had actually seen the Daly car at the time it entered the intersection, she was far enough away from it to evade the impact by the efficient use of the means at her command.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 400