This is a suit for personal injuries sustained by plaintiff, who was run into, knocked down on the sidewalk and injured by an automobile driven by the defendant. After trial there was judgment in favor of plaintiff in the sum of $400. A rehearing was granted for the purpose of considering authorities bearing upon the quantum of damages. The learned judge of the District Court, after commenting upon the surprising lack of uniformity in the authorities on this point, reinstated his former judgment, from which judgment defendant appealed. The appeal was answered by plaintiff, who prayed that the judgment be increased to the amount of $2,500, as prayed for in her petition.
About 7:30 P.M. on January 16, 1943, plaintiff was standing on a six-foot sidewalk running across the front of Nation's Food Store, located at 1600 Marshall Street in the City of Shreveport. Plaintiff had just finished marketing and was waiting on the sidewalk for the return of her husband, who had stepped across a gravel drive adjoining the side of the building to a nearby sandwich shop for the purpose of attempting to purchase some cigarettes.
The defendant, Mrs. Creegan, driving south on Marshall Street, purposing, to turn *Page 821 
across Marshall Street into the parking space immediately in front of Nation's Food Store, which parking space abutted the sidewalk on which plaintiff was I then standing, was halted by the change in the traffic light permitting the movement of southbound traffic, momentarily blocking the turn which she intended to make. Defendant testified that she waited for two cars to pass, then cut across Marshall Street and into the parking space, which, extended about 20 feet from the sidewalk curb to the street. In some manner the front of Mrs. Creegan's car, a Pontiac Sedan, struck the plaintiff, throwing her to the sidewalk and causing the injuries hereinafter described.
As is usual, there is a sharp and irreconcilable conflict of testimony with reference to the facts and circumstances in connection with the accident. Plaintiff, whose testimony to a degree is supported by that of her husband, testified that she was standing against the front of the store; that Mrs. Creegan made the turn across Marshall Street and into the parking space at an excessive rate of speed in the neighborhood of fifty miles per hour; that both front wheels of the car went over the nine-inch curb and upon the sidewalk; that plaintiff's left leg was entangled in the bumper and she was dragged six or seven feet to the left by the swerving of the car as it was brought to a stop. All of this is stoutly denied by the defendant. According to defendant's version of the accident, plaintiff was standing near the outer edge of the six-foot sidewalk and as defendant brought her car up to the curb, having made the turn across Marshall Street, at a speed of about seven miles per hour, the bumper of the car struck plaintiff's left leg, throwing her to the pavement.
The attempt is made to show that plaintiff actually stepped off of the sidewalk with her left leg just as defendant brought her car into the parking space, and, as a result of this negligent act, plaintiff's left leg was caught between the bumper and the curb. Careful examination of the testimony in the record does not substantiate this claim. In a number of instances the defendant herself testified that she saw plaintiff standing on the sidewalk and only one time did she indicate that plaintiff had stepped off the sidewalk when she said in answer to a question as to the position of plaintiffs left foot that:
"It must have been on the parking space."
It is clear that this was a conclusion to which defendant was led by the fact that after the accident plaintiff's left leg was found to be caught between the bumper and: the curb of the sidewalk.
[1] It is not necessary to discuss the testimony in the record at any great length or in any detail, since it is obvious that the testimony of defendant herself brings this case within the "discovered peril" doctrine as enunciated in Rottman v. Beverly, 183 La. 947, 165 So. 153, which doctrine was enlarged in Jackson v. Cook, 189 La. 860, 181 So. 195, and followed, among other cases, in Streetman v. Andress Motor Co., La. App., 189 So. 321; Young v. Thompson, La. App., 189 So. 487; Eggleston v. Louisiana A.R.Co., La. App., 192 So. 774; Prevost v. Smith, La. App., 197 So. 905; Stansbury v. Drillon, La. App. 2 So.2d 662; Carroll v. Louisiana Iron Supply Co., La. App., 17 So.2d 650.
It is plain from defendant's 'testimony that she saw the position of plaintiff on the sidewalk, immediately in front of her car at or about the time the car struck plaintiff, and that she could have seen plaintiff's position of peril in ample time to have brought a car moving at seven miles per hour to a stop. Under these circumstances, it matters not whether plaintiff was contributorily negligent, nor, if so, that such negligence continued even to the very instant of the accident. The burden of care, the last clear chance of avoiding the accident, was upon the defendant.
[2] There is some testimony on the part of plaintiff and her husband to the effect that the defendant immediately after the accident offered to pay the bills incurred for attention and treatment of plaintiff. We find nothing to indicate that this offer could or should be construed as an admission of liability. As a matter of fact, defendant did pay the medical bills.
[3] The only remaining question to be determined is the quantum of damages. As we have stated, the district judge, having considered the matter on first hearing, and again on rehearing, was of the opinion that an award of $400, was sufficient compensation. The testimony of the attending physician, as well as the testimony of lay witnesses on behalf of plaintiff, indicates the extent of the injuries to have been rather painful contusions and abrasions to the left *Page 822 
leg, and a severe sprain of the right wrist, which injuries were temporarily disabling and undoubtedly caused some pain over a brief period of time. The testimony indicates that the effects of the contusions, abrasions and sprain should have passed away within a period of not more than five weeks. The character and the effects of the injuries received upon plaintiff, a housewife, were not of such degree as would indicate any increase in the amount awarded, nor, on the other hand, do we find the sum fixed to be excessive.
Accordingly, the judgment appealed from is affirmed, at appellant's cost.
KENNON, J., takes no part.