REGAN, Judge.
Plaintiff, Charles Rohm, Jr., brought this suit against the defendants, Hans Hamburg, Hamburg’s employer, J. T. Gibbons, Inc., and the Employers Liability Assurance Corporation, Ltd., the insurer of Hans Hamburg, claiming the sum of $1,351.71 for personal injuries to himself and property damage to his 1941 Buick Sedanette emanating from an intersectional collision which occurred in Dauphine and Conti Streets at about 5:10 p. m. on February 2, 1948.
Defendants answered and denied that the accident was caused by their negligence and alternatively pleaded contributory negligence. Defendant Hans Hamburg further answered and reconvened for the sum of $58.50 for property damage to his 1947 Ford Sedan, incurred by virtue of the said accident.
From a judgment in favor of plaintiff in the amount of $800.08 against defendants, Hans Hamburg and the Employers Liability Assurance Corporation, Ltd., in solido, and dismissing the reconventional demand of Hans Hamburg and plaintiff’s suit against J. T. Gibbons, Inc., the defendants prosecute this appeal.
The record reveals that the locus of this accident is colloquially designated as a “blind intersection”, and that both Dau-phine and Conti are one way streets. Plaintiff was driving in Dauphine Street towards Canal Street and defendant was driving in Conti Street towards the River. At the time of the accident there were no “stop signs” regulating intersecting traffic on either Conti or Dauphine Street, although the record indicates that a “stop sign” was subsequently placed on Conti Street.
As usual there is a dispute between plaintiff and defendant as to which car reached the intersection first and as to the relative speeds of each car.
Plaintiff contends that, immediately prior to the collision, he was moving five to ten miles per hour, about five feet behind *924 a bus in a general line of heavy evening traffic flowing into Canal Street and when he was about to traverse the intersection of Dauphine and Conti Streets, he observed defendant’s car twenty yards in Conti Street, approaching at a speed of between thirty and thirty-five miles per hour; that he was in the process of traversing the center of the intersection when the right side of his car was violently struck by the left front of defendant Hamburg’s car.
The evidence further reflects that after the accident the position of plaintiff’s car was close to the uptown river corner curbing of Dauphine Street at Conti Street.
On the other hand, the evidence reflects even more confusion with respect to defendant Hamburg’s contention that he was driving at a speed of ten to fifteen miles per hour, slightly to the left of center of Conti Street; that plaintiff was driving to the left of center of Dauphine Street at a speed of about thirty miles per hour and that when plaintiff’s car struck Hamburg’s car, Hamburg was in the center or slightly past the center of Dauphine Street. Hamburg persists in this contention even though he admits, as does the only other eye witness to the accident besides the plaintiff, one Curt B. Loewenbaum, a passenger in Hamburg’s car, that they did not, at any time, observe plaintiff’s car prior to the actual collision and resulting impact.
Defendants further maintain that both cars arrived at the intersection simultaneously and that, therefore, the driver of the vehicle on the left, who was plaintiff, should have yielded to the driver of the vehicle on the right, who was defendant Hamburg, and cite in support thereof the provisions of Article V, Section XV, sub-paragraph “a” of the City Traffic Ordinance No. 13,702 C.C.S.
The only question posed by virtue of the pleadings herein is one of fact and that is whether or not both cars entered the intersection simultaneously. We are of the opinion that the section of the City Ordinance cited by defendants herein in support of their contention is inapplicable to the facts as adduced from the evidence.
In our opinion the conclusion reached by the trial judge is correct and the evidence, as reflected from the record, abundantly preponderates in favor of the plaintiff to the effect that the defendant Hamburg was-negligent in entering the intersection under the circumstances and, of course, in failing to observe that which he should have seen which, in this instance, was the plaintiff’s car.
The record is clear, concise and unequivocal to the effect that the defendant Hamburg and Curt B. Loewenbaum, a passenger in Hamburg’s car, stated that they did not, at any time, observe plaintiff’s car prior to the actual collision and! resulting impact. Therefore Hamburg: failed to maintain a proper lookout and did not have his car under proper control. In this respect he violated Article V, Sections 2 and 3(a) of the Traffic Ordinance No. 13702 C.C.S.
In Rottman v. Beverly, 183 La. 947, 165 So. 153, 156, the Supreme Court said:— “The first duty of those who operate engines or motor vehicles is to keep a sharp lookout ahead to discover the presence of those who might be in danger.”
In Jackson v. Cook, 189 La. 860, 181 So. 195, 197, it is said:— “* * * that the duty of those in charge of motor cars and engines to look ahead and observe never ceases; that what they can see they must see and in legal contemplation they do see; that their failure to see what they could have seen by the exercise of due diligence does not absolve them from liability.”
Defendants maintain that if “we should decide that there was negligence on the part of the defendant Hamburg, then the gross and wanton contributory negligence of the plaintiff should bar his recovery for his damages and injuries”. We are of the opinion that the plaintiff was not guilty of contributory negligence. The record conclusively indicates that plaintiff acted as a reasonably prudent person under the circumstances, which, of course, means that he did all that could be expected of him in the precarious situation in which he found himself. The facts fit this conclusion perfectly. The traffic *925 congestion militated against any maneuvers on the part of plaintiff to avoid the impending collision. He could not move to the left or right, forward or backward; and he blasted his horn to attract the attention of Hamburg without avail.
The record contains three estimates of the physical damage which was incurred to plaintiff’s car. Luke Motor Car Company estimated the damage to plaintiff’s car on February 17, 1948, fifteen days after the accident, in the amount of $450.08. The Bank Street Paint Shop examined the car on February 18, 1948, sixteen days after the accident, and estimated the damage at $470. The Evangeline Motor Company of Lafayette, Louisiana, repaired the car on or about July 17, 1948, approximately five months after the accident for the sum of $551.71.
Defendants contend that an analysis of the itemized estimate of the Evangeline Motor Company shows several repair items on the left side of the car which were not included in the two previous estimates which were made shortly after the collision. We are at a loss to understand why counsel for defendant has emphasized this disparagement in view of the fact that the court, a qua, in rendering judgment for the plaintiff, obviously accepted the lowest of the three bids, the Luke Motor Car Company in the amount of $450.08, against which counsel made no complaint.
The record discloses that while plaintiff suffered painful injuries consisting of a severe sprain of his cervical and shoulder girdle muscles, which incapacitated him for a period of seven days and caused him to visit a physician on three occasions over a period of approximately three weeks, his injuries were not of a permanent nature and, at the time of the trial, he had completely recovered therefrom. We are, therefore, of the opinion that the award of the trial judge, in the amount of $300 was reasonable and just.
Plaintiff also claims $50 for medical expenses incurred in the treatment of these injuries which defendant did not seriously dispute. The trial judge reasoned, as we do, that this was a legitimate expense since diathermy treatment was necessary.
There was judgment in the district court in favor of plaintiff for $800.08 and costs. Our review of the testimony convinces us that this judgment is correct, consequently and
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.