VIOSCA, Judge ad hoc.
This is an appeal from a judgment dismissing plaintiff’s suit for damages for personal injuries suffered by her when she was struck by defendant’s automobile, at the intersection of Prytania Street and Napoleon Avenue, in the City of New Orleans, on January 25, 1948, at about 8:00 o’clock, p. m.
At the time of the accident, plaintiff was walking on the downtown side of Napoleon Avenue in the direction of the Mississippi River, and defendant was proceeding in his automobile in an uptown direction on Pry-tania Street. Plaintiff testified that when she reached the corner of Prytania Street, she noticed that the traffic semaphore signal at that corner was red to traffic on Prytania Street, and green to traffic on Napoleon Avenue, whereupon she stepped from the curb and proceeded to cross on Prytania Street. She made no effort to look to the right or to the left, and when she reached a point about six steps from the lake-side curb of Prytania Street, she was struck by defendant’s automobile. She admitted that she did not at any time see the defendant’s automobile or its headlights.
On the other hand, defendant testified that when he reached a point fifty feet from Napoleon Avenue, the traffic semaphore signal changed from red to green, whereupon he continued to drive up Pry-tania Street at a speed of approximately fifteen miles an hour, with the intention of crossing Napoleon Avenue. He admitted that he did' not see plaintiff until she was about one foot from his automobile, at which time she was approximately six feet from the lake-side curb of Prytania Street. He testified that he immediately applied his brakes, that he struck plaintiff with his right front fender, and that he brought his car to a stop within two feet from the point of impact.
Police Officer George Paul Weber testified that he interviewed both parties at Charity Hospital immediately after the accident, and that plaintiff told him that she was walking on Napoleon Avenue toward the river, and upon reaching the intersection of Prytania Street she noticed the light was red and she started across the street. At the trial, Plaintiff ‘admitted -making this statement, but contended that she meant the light was red to traffic proceeding up Prytania Street.
On this record, the district judge found that the defendant was guilty of negligence, and that the plaintiff was guilty of contributory negligence, and he dismissed the suit. That the defendant was negligent is obvious. Although it was a clear, dry night, the headlights of his automobile were burning brightly, and there were no obstructions along the lake-side curb of Prytania Street, he did not see plaintiff until she had left the curb and proceeded a distance of six feet into the roadway of Prytania Street. We concur, therefore, in the fipding of the trial judge that defendant was not keeping a proper lookout.
On the disputed question of fact, as to whether the plaintiff or the defendant attempted to negotiate the crossing on a red light, the district judge, in his written reasons for judgment, found as a fact that the plaintiff attempted to cross while the semaphore traffic signal was showing red in her direction. Since the trial judge, who saw and heard these witnesses, was in a better position than we are to judge their credibility and determine the weight to be given to *128 their testimony, we must accept his finding ■of fact in that' respect, as there is nothing in the record to justify us in reaching an opposite conclusion.
If plaintiff attempted to. negotiate this crossing in spite of the fact that the light facing her was red, she was guilty of contributory negligence, and since the negligence of both parties continued until the moment of the impact, the plaintiff’s suit was properly dismissed.
In their brief in this court, counsel for plaintiff contend that defendant’s plea of contributory negligence was limited to the following: “ * * ‡ said petitioner stepped immediately in front of his right front fender and was struck before defendant could possibly ■ have stopped his vehicle.”
Counsel contend that defendant did not allege as a ground of contributory negligence that plaintiff attempted to negotiate the crossing While the traffic light was red to - pedestrians, and that defendant should be limited to the acts set up in his pleadings as constituting contributory negligence.'
Upon examination of the record, we find that counsel for plaintiff are in error in this contention, for in defendant’s answer ■we find the following specific plea o.f contributory negligence: “Further answering •defendant specifically pleads that the plaintiff herein was contributoidly negligent in the accident and injury complained of in that the said defendant (plaintiff) was attempting to cross Prytnia Street and did actually walk into Prytania Stréet against a red traffic signal facing in her direction, and that petitioner (defendant) was driving his car with extreme caution and at a very low rate of speed, proceeding across Napoleon Avenue in obedience to the green signal light in his favor, and that the said petitioner stepped immediately in front of his right front fender and was struck before defendant could possibly have stopped his vehicle.”
Taking this plea as a whole, it is obvious that the use of the word “defendant” in the fourth line quoted above,' and the use of the word “petitioner” in the ninth' line quoted above, are typographical errors.
Plaintiff finally contends that she should recover under the doctrine of the last clear chance. It is true that under the doctrine of Jackson y. Gook, 189 La. 860, 181 .So, 195, and other cases, the defendant is charged with having seen that which he should have seen, and that if he could have discovered plaintiff’s peril in time to have avoided the accident, he is liable, notwithstanding the contributory negligence of the plaintiff. Even if jit be assumed, however, that defendant saw the plaintiff as she left the curb to cross Prytania Street in the face of a red light, as he should have seen her, we find the record completely devoid of any facts which would justify us in concluding that he could have avoided this accident, particularly when consideration is given to the short distance plaintiff traversed after she left the sidewalk, and the necessary “reaction” time and other factors involved in bringing an automobile to a sudden stop in the face of an unexpected emergency:
For 'the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
JANIVER,.J., takes no part.