HARDY, Judge.
This is a suit for the recovery of damages sustained by plaintiff’s automobile. Named as defendants were Amos Taylor, Grady Bullard and the Traders & General Insurance Company. Defendant Taylor did not answer plaintiff’s suit and default judgment was duly confirmed against him. After trial there was judgment in favor of plaintiff and against the defendants Bullard and his insurer in the amount of $640.32, from which judgment the said defendants have appealed.
The accident occurred at about 9:00 o’clock, A.M. on July 4, 1955, at which time plaintiff was driving his 1955 Cadillac Co upe east on Louisiana Highway 4, known as the Ringgold-Castor Highway, in Bienville Parish, Louisiana. Plaintiff was following a 1949 Chevrolet Sedan owned and driven by the defendant Taylor. Both these vehicles were proceeding at a speed of some 30 miles per hour on the right-hand side of the two-lane asphalt highway. The highway slab was of the usual width of 18 feet and the two lanes were separated by a white center line. Plaintiff alleged and testified that defendant Taylor suddenly pulled his car partially onto the right shoulder of the highway and brought it to a stop without warning signals of his intention, and that the Taylor car occupied some two or three feet of the extreme right side of the asphalt slab of the highway. Plaintiff, unable to stop in time to avoid a collision, turned his car to the left with the intention of passing, at which time the 1953 Chevrolet truck, owned and driven by the defendant Bullard, appeared in view topping a rise in the road some 150 feet distant. Plaintiff applied his brakes, pulled his car to the extreme right and brought it to a stop with the *389 right front side of his car against the left rear side of the Taylor vehicle. The testimony is clear on the point that when Lacy brought his car to a complete stop his left front wheel was directly on the white center line of the highway and the left rear wheel was across the center line only to the extent of some three inches. The testimony also establishes the fact that the shoulder on the north side of the paved slab was some 9 feet in width. This evidence conclusively indicates that the defendant Bullard, driving his truck west, had almost the entire 9 foot half of the asphalt highway and an additional 9 foot shoulder available to permit his free passage of plaintiff’s automobile, which, at most, occupied only a few inches of Bullard’s lane of travel. Despite this fact Bullard made no real effort, so far as the record discloses, either to bring his car to a stop or to turn aside a matter ot a few inches. Bullard’s testimony is most unsatisfactory, and only one fact is clearly established thereby, namely, that he appeared to be more concerned with preserving the watermelons, with which his truck was loaded, from damage than he was with any other purpose.
The district judge concluded that the defendant Bullard had been guilty of negligence, rejected the plea of contributory negligence as against plaintiff, and further found that Bullard had the last clear chance to avoid the accident after perceiving the peril. We think all these conclusions were completely substantiated by the evidence.
The defendant Taylor, who neither answered the suit nor was called as a witness, was clearly guilty of negligence in bringing his car to a sudden stop without pulling completely off the highway and without giving any signal of his intention. Conceding, arguendo, that plaintiff Lacy was guilty of negligence in following too closely behind the Taylor car and therefore failing to have his own automobile under sufficient control to enable him to stop without danger of a collision, nonetheless he is exonerated of the charge of contributory negligence, under the facts. His failure to have his car under such control as to permit him to stop was not a cause of the accident, since it is clearly established that he did stop his car without obstructing approaching travel from the opposite direction to any appreciable or material degree.
It is equally clear that Bullard was guilty of negligence in failing to keep a proper lookout, in failing to have his car under control, and in failing to take any action to avoid the collision.
Finally, there is no question as to the conclusion that the facts of this case bring it squarely within the doctrines of last clear chance and discovered peril clearly enunciated by the Supreme Court in Rottman v. Beverly, 183 La. 947, 165 So. 153; Jackson v. Cook, 189 La. 860, 181 So. 195, and many times since emphasized and reiterated by all the appellate courts of this State. Bul-lard could, and should, have perceived the danger and had ample time and distance within which to take action which would have avoided the collision. His failure so to do, and thus to avail himself of the last clear chance, clearly subjects him to liability.
For the reasons assigned the judgment from which appealed is affirmed at appellant’s cost.