CHASEZ, Judge.
This suit arises out of an accident involving an automobile and a pedestrian which occurred at 11:00 P.M., December 7, 1961, at the intersection of Tulane Avenue and South Gayoso Street in New Orleans.
At this point, Tulane Ave. consists of three traffic lanes and a parking lane on each side of a raised neutral ground, each side 38' wide. South Gayoso is a two lane side street crossing Tulane Ave. at right angles.
On the night of the accident the weather was clear and the street was free of traffic. It appears that the intersection was well lighted by street lamps on each of the four corners of the intersection, and the neutral ground was free of obstructions to a motorist’s view.
Plaintiff, the pedestrian, testified that he had had a “couple of beers”, and had eaten a sandwich at a restaurant on Tulane Ave. Shortly before the accident and while on his way to his home he stopped on South Salcedo Street and entered the Toddle House Restaurant, on the uptown side of Tulane Avenue and the riverside of S. Gayoso Street, for coffee. He left the Toddle House and crossed the uptown side of the Avenue to the neutral ground. He stopped, looked toward town, saw a car coming toward him in the neutral ground lane about a block away, and commenced to cross the downtown side lanes on a diagonal, from the neutral ground to the downtown side of Tulane Ave., and the Lake side of S. Gay-oso, thus exposing himself to roadways, not only from his right side, coming from town on Tulane Ave., but also to any traffic on S. Gayoso St. When he had crossed the first two traffic lanes, (the neutral ground lane and the middle lane) on the downtown side of Tulane, and was approximately in the center of S. Gayoso St., headlights from an automobile coming from behind him on S. Gayoso Street flashed on the building in front of him. He paused and looked over his shoulder to see what became of that vehicle (it had stopped in the Toddle House parking lot); when he turned back to continue crossing the street he was struck by the defendant’s automobile.
The defendant, Jacques Anikst, was travelling out Tulane Avenue from town towards Carrollton Avenue. Contrary to what plaintiff said, defendant testified that he was travelling in the middle traffic lane. Pie testified that he was travel-ling about 30 miles per hour and that his brakes and headlights were in good condition.
He testified that he did not see the plaintiff at all until he was about 18 to 24 feet away, that the plaintiff was running across the intersection; that he hit his brakes- immediately upon seeing him; that it did not occur to him to turn either to the left or to the right.
A trial on the merits was had and judgment was rendered dismissing plaintiff’s suit. He appealed, arguing that plaintiff was free of negligence and defendant was grossly negligent, .and alternatively, if it was found that plaintiff was contribu-torily negligent, that defendant had the “last clear chance” to avoid the accident.
If plaintiff is contributorily negligent, there is no need to discuss defendant’s primary negligence, for plaintiff cannot then recover, unless it is shown tha1 defendant had the last clear chance to avoid the accident.
We do not believe that we can conclude that plaintiff was free from *110 fault under the circumstances of this case. In crossing on the diagonal, he exposed himself unnecessarily to possible traffic from three directions. Had he crossed in the normal manner, he would not have found it necessary to stop when lights flashed on the wall in front of him, for a car on S. Gayoso St. could not have turned across his then path of travel. If he had crossed in the normal manner, his exposure time to traffic on Tulane Ave. would have been less than it was on the diagonal route.
Plaintiff’s alternative contention is that the doctrine of “last clear chance” applies.
The defendant driver testified that the plaintiff “ran” out into the intersection in front of him and that he had no time to stop or avoid him.
The plaintiff testified that he walked across the intersection.
If plaintiff ran out into the intersection, it would appear that the defendant was then unable to avoid the accident, and thus did not have the “last clear chance.”
If plaintiff was walking across the intersection, it would appear, from the description of the intersection and it’s lighting facilities, contained in the record, that the defendant should have seen the plaintiff in time to avoid hitting him, and probably had the last clear chance. Jackson v. Cook, 189 La. 860, 181 So. 195.
Whether the plaintiff was running or walking is a question of fact. Defendant said running; plaintiff said walking. There is no other competent evidence on this point in the record other than the testimony of these two men.
This is purely a factual dispute, the resolution of which depends peculiarly on the credibility of these witnesses, which was assessed by the trial judge, and the question resolved in favor of the defendant. In this we cannot say that he erred.
In addition, the doctrine has been described as a “two-edged sword” in that it applies to both parties.
The plaintiff here was not in a helpless position, a position from which he could not save himself as a result of his negligent action. The fact of the matter is that he could easily have saved himself, in spite of the defendant’s failure to see him. The plaintiff was aware that the defendant’s automobile was approaching him, and he had only to glance in that direction. Had he done so, he would have been able to get out of the path of that vehicle. Failure to do so was failure to avail himself of the last clear chance to avoid the accident.
Plaintiff cites to us a recent decision of this Court, Morris v. Firemen’s Insurance Co. of Newark, New Jersey, La.App., 183 So.2d 388, which involved facts with some similarities to the instant case, and in which recovery was allowed to the plaintiff. That case, as do all cases of this nature, depends upon the particular facts involved. In that case, as in the present case, there was a dispute as to whether the injured party had been running or walking. The opinion of the Court in that case indicates that the trial judge evidently did not believe the testimony therein to the effect that the injured party was running, for he found as a fact that deceased was walking. Furthermore, it does not appear that the injured party in Morris was ever aware of the approach of the defendant’s vehicle. In the instant case plaintiff testified that he knew defendant’s car was approaching him before he left the neutral ground.
For the foregoing reasons the judgment of the trial court is affirmed. All costs of this proceeding is to be paid by plaintiff-appellant.
Affirmed.