BAILES, Judge.
Plaintiff seeks to recover damages for the death of her son who was killed instantly when struck by an automobile driven by an insured of the defendant Liberty Mutual Insurance Company. Also named as a defendant was Mrs. Madalyn Taylor, owner of the insured automobile involved in the accident and mother of the minor driver of that automobile. Judgment was rendered against Liberty Mutual on a finding that the driver of the Taylor vehicle had the last clear chance to avoid the accident. Plaintiff’s demands against Mrs. Madalyn Taylor were rejected. Liberty Mutual perfected this suspensive appeal seeking reversal. Plaintiff-appellee neither appealed nor answered. Therefore, the claim against Liberty Mutual is the only matter before us, the judgment in favor of Madalyn Taylor having become final. The judgment is manifestly erroneous and, accordingly, is reversed.
The fatal accident on which this suit is based occurred at 12:10 A.M., December 19, 1965, in the southbound traffic lanes of the 3800 block of Airline Highway (U.S. Highway 61) in Metairie, Louisiana. The roadway at this point consists of three southbound traffic lanes, each 10 feet wide, separated from three similar northbound lanes by a five foot median. The highway is without lighting and the night was dark *205 due to rain. The 3800 block of the Airline is a business district and most of the establishments were closed and unlighted. The speed limit was posted at 40 mph. There is a 75 foot break in the median near the site of the accident, the southern edge of which was 81 feet north of the point of impact.
The driver of the Taylor vehicle testified that he was driving in a southerly direction in the center southbound traffic lane at approximately 40 mph with his headlights on low beam. The traffic at the time was light. As his automobile neared the southern edge of the break in the highway median the driver noticed a man some ten feet away step from the median into the inside southbound traffic lane. Realizing that he could not stop in time to avoid this pedestrian if the pedestrian continued into the highway, the driver steered his auto to the right. The man jumped back to the median but at that very instant the decedent, heretofore unseen, was hit. The Taylor vehicle was damaged in the front on the left side. The driver applied his brakes after the impact and drove off the highway before stopping. He testified further that he did not see the decedent prior to impact, a circumstance he attributed to the fact that decedent was dressed entirely in dark colored clothing. He was unable to testify which direction the decedent was facing at the time of the collision.
The testimony of only two other witnesses is relative to our discussion. One was a state policeman, who, in addition to describing the area of the accident as heretofore noted, testified that the driver of the Taylor automobile was not intoxicated and that there were no apparent defects in the Taylor vehicle. The other was a pathologist who concluded from the description of decedent’s injuries contained in an autopsy report that decedent was struck on the right side. He also testified that the 0.34% blood alcohol level of decedent at the time of his death indicated definite intoxication at the confused and possibly stuporous stage.
The man who stepped from the median as the Taylor automobile approached the scene of the accident was identified but could not be located by any of the parties to the suit. Therefore, he was not available to testify.
Under a plea of last clear chance a plaintiff bears the burden of proving by a fair preponderance of the evidence three well known prerequisites to the application of the doctrine, to-wit: (1) that plaintiff was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) that defendant discovered or should have discovered such peril by the exercise of reasonable care; and, (3) the defendant, with the exercise of ordinary" prudence, could have avoided the accident. While considering the fundamental rule of appellate review that factual determinations of the trial court will not be distrubed in the absence of manifest error, we are unable to find that plaintiff has sustained the burden of proving the facts upon which application of the last clear chance doctrine may be based.
There is no proof in the record that decedent was in a position of peril prior to the accident. As appellant suggests, the most that can be said from the evidence before us is that decedent was in a position of peril at the instant of impact. We are unable to find one iota of direct testimony relative to where the decedent was located and what his actions were prior to the accident. There is testimony to the effect that the point of impact was 81 feet south of the southern edge of the break in the highway median but there is no indication of decedent’s location prior to the accident either in terms of geographical direction or with relation to the man who stepped off the median just before the impact.
Plaintiff-appellee relies heavily on the circumstantial fact that decedent’s injuries were on his right side as basis for the contention that the decedent was crossing the highway from the east to the west in the company of the man who stepped *206 from the median toward the Taylor vehicle. This, of course, is rankest speculation. A basic requirement of circumstantial evidence as a contribution toward meeting a burden of proof is that it lead to a reasonable inference of the fact to be proved and not to a mere suspicion of that fact. The fact that decedent suffered injuries on his right side does not, in our opinion, constitute sufficient circumstantial evidence to reasonably infer the factual situation on which plaintiff relies, for we can conceive, just as reasonably, of other factual circumstances in which such injuries could have been sustained. Thus, plaintiff has not proved that decedent was in a perilous position prior to the accident.
This being the case, we are unable to find that the driver of the Taylor vehicle could or should have seen the decedent at any time prior to impact or that he could have avoided the accident, the other elements necessary to the application of the doctrine of last clear chance. Proof that a plaintiff was in a perilous position is a prerequisite circumstance to determination of a defendant driver’s duty to observe plaintiff’s peril and to avert the accident inasmuch as these duties must be related to a geographical area or zone of peril. This zone of peril must be determinable from proven facts, albeit circumstantial, otherwise it is impossible for a court to determine the prudence or imprudence of a defendant driver’s look-out or the reasonableness or unreasonableness of his evasionary actions. That is, without proof from which plaintiff’s position can be determined it is impossible to decide if the defendant driver, in fact, had the last clear chance to avoid the accident. Thus, the fact that there was little traffic to obstruct the view of the driver of the Taylor vehicle or to circumscribe the area available for preventive evasionary action becomes irrelevant.
Plaintiff-appellee cites for our consideration the cases of Morris v. Firemen’s Insurance Co. of Newark, N. J., 183 So.2d 383 and Jackson v. Cook, 189 La. 860, 181 So. 195. However, we find both of these cases inapposite since in each proof was made of the decedent’s position prior to the accident. With this knowledge the courts were able to determine not only that the positions of the decedents were perilous but also that the defendant drivers could have observed decedent and avoided the accidents.
For the foregoing reasons the judgment herein in favor of Mrs. Mary Frances Kurth and against the defendant, Liberty Mutual Insurance Company, is reversed and set aside. It is ordered, adjudged and decreed that judgment be and the same is hereby rendered in favor of Liberty Mutual Insurance Company and against Mrs. Mary Frances Kurth, rejecting and dismissing her demands at her cost.
Reversed and rendered.