LEMMON, Judge
(dissenting).
I dissent on the basis that the railroad crew was negligent.
A railroad crew has a duty of reasonable lookout, which is determined in accordance with the circumstances of each case. When the crew members have actual knowledge that a private crossing, located in a populous urban area, is extensively used, the crew, upon approaching the crossing during the hours of likely usage, should reasonably anticipate pedestrian traffic and should keep a reasonable lookout therefor.
The conductor in the present case violated his duty of reasonable lookout. There were no extenuating circumstances which required that his attention be directed elsewhere. His view was not obstructed in any manner. Apparently, he was simply inattentive and failed to observe the tracks ahead, as he was assigned to do. Had he seen the boy one second earlier (at which time the train was 66 feet further back *374 from the point of impact), the whistle would in all reasonable probability have warned the daydreaming youth in time to avert the accident. Since the boy jumped back when the whistle sounded at a time that the train was only six feet from him, it is reasonable to assume that the accident would have been prevented by an earlier warning, at which time both the train and the boy were further away from the point of collision.
The facts of this case do not bear out the railroad’s contention that the conductor (even if he had discovered the boy earlier) should have been entitled to rely on the assumption that the boy would stop before reaching the tracks. It was not necessary that the conductor be convinced of the boy’s peril; it was sufficient that the circumstances reasonably indicated that the boy’s inattention was likely to persist. The eyewitness testified that the boy gave no indication at any time that he was aware of the train or that he was going to stop. The boy’s inattention and unawareness were obvious several steps before he reached the track, at which point the conductor could still have averted the accident by sounding the whistle.
The evidence therefore establishes the reasonable probability that if the conductor had kept a proper lookout, he would have timely sensed the necessity of warning and would have prevented the accident. Accordingly, the conductor’s breach of his duty to keep a reasonable lookout resulted in his failure to timely discover the boy’s inattention and was a legal cause of the accident.
LAST CLEAR CHANCE
The majority opinion finds no negligence by the railroad, but discusses the applicability of last clear chance. In the event a writ of certiorari is granted to review the negligence determination, I also state my view as to the applicability of the doctrine of last clear chance.
The negligence of both parties consisted of inattention, and both parties in fact remained inattentive until it was too late for either party to avert the accident. Either party in the exercise of reasonable care could have discovered earlier that the boy and the train were on a collision course. Had the engineer seen the boy earlier, as he should have done, he could have averted the accident by sounding the whistle. But had the boy discovered the train earlier, as he should have done, he too could have easily avoided the accident.
As I view this case, either party in the exercise of reasonable care had an equal opportunity to prevent the accident, and neither party had an intervening superior opportunity. I therefore cannot justify the conclusion that either party had the last clear chance. See also Prosser, Law of Torts, Ch. 11, pp. 430-433 (4th ed. 1971); Restatement (Second), Torts § 480 (1965).
Prior to the case of Rottman v. Beverly, 183 La. 947, 165 So. 153 (1936), Louisiana courts had generally held that the doctrine of last clear chance was unavailable to inattentive plaintiffs whose negligence continued up to the very moment of the accident. In the Rottman case, however, the Supreme Court observed that such a broad statement was misleading and was generally made in pedestrian cases in which “the fault of each (party) operated directly to cause the injury” and the “defendants had no better ‘last chance’ to avert the accident than did the pedestrians^”
Under the facts of the Rottman case, an inattentive plaintiff attempted to cross a highway without looking, and a defendant saw the plaintiff in time to avert the accident but failed to do so. The court allowed plaintiff recovery, stating:
“* * * if a plaintiff negligently puts himself in a place of danger and his negligence and danger are actually discov *375 ered by the defendant, then there devolves upon the defendant a duty which intervenes or arises subsequent to the negligent acts of the plaintiff, and that duty is to save the plaintiff from the consequences of his negligent acts if he can.” (p. 156) (Emphasis supplied.)
Two years later in Jackson v. Cook, 189 La. 860, 181 So. 195 (1938), the Supreme Court had under consideration a case in which the defendant did not actually discover the inattentive plaintiff pedestrian in time to avoid the accident, but could have discovered him in the exercise of reasonable care. Restating the language quoted above, the court discussed a motorist’s duty of lookout and observed that a motorist’s failure to see what in the exercise of due diligence he should have seen does not absolve him from liability. The court concluded :
“The Rottman Case is not authority for holding that, merely because the driver of the car in this case did not actually see the plaintiff, the defendant is not liable.”
While the court seemed primarily concerned with determining the defendant’s negligence, the judgment in favor of plaintiff (whose negligence the court found continued up to the moment of the accident) resulted in extending the doctrine of last clear chance to apply when the defendant should have discovered the inattentive plaintiff, but did not do so.
The Jackson case has been applied in various situations, but has never been overruled. See, for example, Belshe v. Gant, 235 La. 17, 102 So.2d 477 (1958). I agree with the statement in the Rottman case that the doctrine of last clear chance should not apply when neither party had the last chance or superior opportunity to avoid the accident. In the event of further review in the present case, I respectfully suggest that the holding of the Jackson case be reexamined.