SCHOTT, Judge,
with whom RED-MANN, Chief Judge, joins, dissenting:
I cannot agree with the majority that the jury was clearly wrong in concluding that Mr. Ferrara had the last clear chance to avoid this accident.
There was evidence of record for the jury to find that Ferrara was slowly moving from the right lane to the left as Picou was passing him and that he never saw or heard Picou even though they ended up side by side. At this point Picou could do nothing but proceed past Ferrara but Fer-rara suddenly turned into Picou. Had Fer-rara seen Picou he surely would not have been authorized to run over him but he would have been obliged to straighten his car, or perhaps stop, but to let Picou go by in any event. Ferrara was going only ten miles per hour at this time. One piece of evidence supporting this scenario is the testimony of the disinterested witness who was following Picou and Ferrara from a short distance away. At his deposition this witness described the accident as follows:
“The motorcycle (Picou) was braking. The gentleman in the car (Ferrara) was making a left-hand turn. He had not made the turn yet, excuse me. He gave — from all indications, he was just going straight on, and I thought he might make it; he might pass the man between the curb and the car, but at the last moment the man started to turn, and that’s when his motorcycle hit just right on the very edge of the bumper.” (Vol. 5, page 78.)
This version of the facts provides for the application of constructive last clear chance as in Jackson v. Cook, 189 La. 860, 181 So. 195 (1938). Although Picou was negligent, since Ferrara should have seen him and had the last chance to avoid the accident had he seen him, Picou is entitled to recover.