REGAN, Judge.
Plaintiff, William Kimble, father and natural tutor of 'his minor son, Nealy William Kimble, aged 18, instituted this suit against defendant, Aireo Refrigeration Service, Inc., endeavoring to recover damages in the amount of $14,600, for personal injuries sustained by his son, who was struck as he attempted to cross Jackson Avenue, approximately seventy-five feet from the intersection, by a 1942 Dodge Pick-up Truck, owned by the defendant and operated by its employee, Truett Boswell, which is alleged to have occurred by virtue of the negligence of Boswell on September 27, 1950, at about 5:15 p. m.
Defendant answered and admitted the occurrence of the accident, but denied that it was caused through any negligence on' the part of the operator of the truck and, in the alternative, pleaded the contributory negligence of plaintiff.
The Board of Administrators of the Charity Hospital of Louisiana at New Orleans intervened and requested that, in the event of judgment in favor of plaintiff, it have judgment in solido against both defendant and plaintiff in the sum of $179.75 with attorneys’ fees.
From a judgment in favor of defendant dismissing plaintiff’s suit, plaintiff prosecutes this appeal.
In order to circumvent repetitious designation of parties plaintiff and defendant, we shall hereinafter apply the appellation plaintiff to Nealy William Kimble and defendant to Truett Boswfell, the operator of the defendant’s truck.
The récord reveals very simple facts. Plaintiff was employed by Woodward Wight & Company, Ltd. and it was his custom to secure “a ride” each evening to his home, located in 2708 Jackson Avenue, from James Young, a co-employee, who owned a 1947 Cadillac automobile. Jackson Avenue, wherein plaintiff’s home is located, is a two-way thoroughfare not separated by what has been colloquially designated as a neutral ground. On September 27, 1950, at about 5:00 p. m. plaintiff secured the usual “ride” from James Young and when they arrived in the 2700 block of Jackson Avenue, which is located between Qara and Willow Streets, Young discharged plaintiff on the downtown curbing of Jackson Avenue and then proceeded to move away from the curb, out into Jackson Avenue in the direction of the lake. Simultaneously, plaintiff walked around the rear of Young’s car, looked to his right, then to his • left, and proceeded to run, according to defendant and to walk according to plaintiff, across the street in the direction of his home located on the opposite side of Jackson Avenue; that when he was at a point slightly beyond the center •of Jackson Avenue, he observed the truck too late and was struck by the left front section of defendant’s truck, which was moving from the lake towards the river, and knocked or rolled a distance of from fifteen to forty feet and his foody finally came to rest beneath a private passenger bus, which was parked on the uptown side of Jackson Avenue near the entrance of plaintiff’s home. Plaintiff stated that after the occurrence of the accident he failed to “remember anything.”
The testimony of several witnesses appears in the record on behalf of plaintiff, however, the only eyewitnesses to the accident were plaintiff and defendant. Plaintiff’s witnesses all testified that their attention was attracted to the accident only by the noise which ultimately resulted from the application of defendant’s brakes and did not actually observe anything that transpired before or at the moment of the impact.
Plaintiff testified that when he was discharged on the downtown curbing of Jackson Avenue the right front and rear wheels of Young’s car came to a stop close to and parallel with the curbing. Defendant, on the other hand, testified that Young, when he stopped to discharge plaintiff, “double parked” because another car had already been parked adjacent to this curbing. Defendant stated that he-was driving not in *790 excess of twenty miles per hour, although plaintiff’s witnesses, who did not observe the accident, testified that, in their opinion, which was based on the length of the skid marks impressed upon the surface of the street by defendant’s tires, he was driving between forty and fifty miles per hour.
Plaintiff insists that defendant was negligent in that he was travelling at a speed in excess o-f fifty miles per hour; in not maintaining a proper lookout; in failing to sound his horn and in not keeping his truck under proper control.
Defendant, in opposition thereto, maintains that he was free of any negligence in the premises and that the proximate cause of the accident was the fact that plaintiff’s vision of defendant’s truck was obstructed by Young’s Cadillac, irrespective of whether it was singly or doubly parked and which had just moved away from the curb into the downtown traffic lane of Jackson Avenue, as plaintiff endeavored to cross the street and was struck by defendant’s vehicle. In fact, defendant points out that the Cadillac automobile obstructed with equal facility both the vision of plaintiff and defendant. In the alternative, defendant is of the opinion that should we find him guilty of any negligence then, in that event, plaintiff’s contributory negligence was the proximate cause of the accident.
Counsel for plaintiff in his zeal to overcome the implication created by virtue of the existence of the obvious fact that the Cadillac automobile, as it drew away from the position in which it had stopped to discharge plaintiff, obstructed with equal facility both the vision of plaintiff and defendant, points out that plaintiff was taller than the automobile so that his head protruded above the top of Young’s Cadillac, therefore, it was encumbent upon defendant to see plaintiff’s head, follow his course into the path of the truck and thus avoid the accident. On the basis of this hypothesis plaintiff endeavors to invoke the doctrine of “apparent peril.”
 There is no doubt that the Cadillac obstructed plaintiff’s view of the approaching truck and that plaintiff was engaging in an extremely hazardous act in endeavoring to cross Jackson Avenue when he could not see the approach of traffic moving in this street from the lake to the river and it is, of course true, that in spite of this negligence exemplified by the plaintiff, under the doctrine enunciated in Rottman v. Beverly, 183 La. 947, 165 So. 153, and extended in Jackson v. Cook, 189 La. 860, 181 So. 195, and discussed in Jones v. American Mutual Liability Insurance Company, La.App., 189 So. 169, this negligence would not necessarily deprive him of his right to recover if defendant either saw him or should have seen him in sufficient time to avoid the accident. However, we find no evidence in the record which would even indicate remotely that defendant saw or should have seen plaintiff because, as we have related heretofore, it is clear that his whole body was obscured from defendant’s vision by the intervening Cadillac automobile until that psychological moment when defendant was within fifteen feet from the body of plaintiff and thereupon, he exercised the natural impulse of immediately applying his brakes in an unsuccessful effort to avoid the accident. We are of the further opinion that even if defendant was operating his truck at a speed slightly in excess of. the ordinance, the actual existence of this disputed fact had nothing whatsoever to do with the proximate cause of the accident.
The only question which has been-posed for our consideration is one of fact- and that is whether the defendant was guilty of any negligence which caused the-accident. The trial judge resolved the answer to this question in the negative and', our careful examination of the evidence-contained in the record fails to disclose any-error in his conclusion.
For the reasons assigned the judgment, appealed from is affirmed.
Affirmed.