Plaintiff brings this suit against the defendant for damages for personal injuries alleged to have been sustained in an accident which occurred at about 5:55 o'clock in the morning of January 30, 1940, near the intersection of Church and Florida Streets in the City of Baton Rouge. Church Street runs north and south, is a paved one-way street for south bound traffic, and at the time of the accident, was 30.4 feet wide. The sidewalk along the east side of Church Street approaching Florida Street from the north is 14.5 feet wide. Florida Street runs east and west, is also paved, and is a two-way traffic street and west of Church Street it is 35 feet wide. The sidewalk along the south side of Florida Street approaching Church Street from the west is 11.8 feet wide.
In his petition plaintiff alleges that while crossing Church Street on the south sidewalk of said Florida Street, walking from west to east in the regular place where pedestrians are supposed to cross the street, and after reaching a point about 12 feet upon the paved portion of Church Street near or beyond the center of the said street, he was suddenly and without warning struck a severe blow by a bus of the defendant in making an abrupt sharp turn *Page 647 
to the left from out of Florida Street. He charges the driver of the bus with negligence in the following respects: (a) In violating an ordinance of the City of Baton Rouge requiring all motor vehicles, as they come up Church Street, to come to a complete stop before entering Church Street, by travelling at a "good" speed approaching Church Street and abruptly turning to the left and entering the street without stopping or slackening its speed. (b) In not maintaining a proper lookout ahead and in failing to see plaintiff as he entered upon the paved portion of Church Street, and in time to avoid striking him. (c) In failing to keep to the right in the making of the left hand turn as required by law, but on the contrary, he cut in to the left and entered Church Street in the southeast sector of the intersection. In the alternative, he pleads that the driver of the bus had the last clear chance and failed to avail himself of it to avoid the accident.
The defendant filed an answer in which the negligence charged to the driver of the bus is denied and in which is set out its version of the accident. It alleges that its bus was being driven westward on Florida Street; that as it reached the intersection of Church and Florida Streets, its driver came to a complete stop and looked in both directions on Church Street before proceeding, at which time plaintiff was observed standing on the sidewalk southwest of the intersection and in a position of safety; that, with its head lights properly lighted and functioning, its bus driver started to make the left hand turn to the south into Church Street, going at a rate of speed not in excess of five miles per hour; that after the bus had entered the intersection and was heading almost due south, plaintiff, who had been standing on the sidewalk at the southwest corner of the intersection in a position of safety, stepped swiftly from the curb into the path of the right front corner of the said bus; that when plaintiff left the sidewalk, the bus driver blew his horn and applied his brakes, bringing the bus to a quick stop. Defendant further avers that the bus was being operated and driven in a careful, prudent and skillful manner, and with due regard to all the conditions that obtained at the time, and that the sole proximate cause of the accident was plaintiff's own gross inattention, carelessness and negligence in failing to observe traffic conditions; in failing to keep a proper lookout, and in suddenly stepping from a position of safety directly into the path of said bus, although the same had almost completely turned into Church Street. In the alternative, the defendant pleaded contributory negligence on the part of the plaintiff and, in further alternative, the defendant pleaded that plaintiff had the last clear chance to avoid the accident.
On these issues the case was tried and submitted, resulting in a judgment in favor of defendant and dismissing plaintiff's suit.
Plaintiff has appealed.
As stated before, Church Street runs north and south, is a paved street, is a one-way street for traffic travelling south and it has a right of way over traffic travelling on Florida Street. Florida Street is a two way street running east and west; motor vehicles travelling on Florida are required to stop before entering Church Street. At the time of the accident it was still dark and the lights on the bus were burning. There were several street lights burning on and about this corner, thus making the intersection a well lighted area.
The testimony relating to the accident consists of that of the plaintiff, the bus driver and of Mr. Joseph L. Demoruelle, the occupant of an automobile who had previously parked his car on the west side of Church Street near the intersection. That of the plaintiff is to the effect that he was walking briskly on the south side of Florida Street, at about the center of the sidewalk, in an easterly direction; upon reaching the intersection, without stopping, in his walking, he glanced to his rear to ascertain if traffic was approaching him from the rear, and also looked to the left to ascertain if there was oncoming traffic on Church Street. He perceived a car in the act of parking. He stepped from the curb into the street and had made two or three steps, or maybe seven to nine feet, when "all at once something out of the clouds was right on top" of him. He had not reached the side of the bus; he reached the right curb of the bus, and the bus pushed him about fifteen feet and he fell on his hands and knees. When he got up the bus had turned a little diagonally to the left and stopped. He estimates the distance from a point where the bus should have stopped when it came to Church Street up to the point of collision as fifty-seven feet.
The bus driver was called as a witness by the plaintiff under the Cross-Examination Act, Act No. 126 of 1908, § 1, and he *Page 648 
also testified in chief for the defendant. He had been working for the defendant as a bus driver for twenty-two years. His testimony is that he knew the regulations imposed upon him in entering Church Street with the intention of proceeding in a southerly direction, that is, the duty to stop before entering that street, to keep a proper lookout, keep to the right and make a long turn so as to be in the right lane of travel on Church Street. He states that he was travelling west over a regular route from the barn west on Florida Street to the terminal, this route requiring him to turn left at the intersection of Church and Florida Streets; that as he came to the intersection of Church and Florida Streets, he stopped east of the sidewalk of Church Street; he looked towards the right for traffic moving south on Church Street, and then to the front; he saw plaintiff standing on the southwest corner of Church and Florida Streets, on the sidewalk, about two feet from the curb, facing east. The head lights of the bus were burning. He put his bus in motion for the making of the turn. He states that he made a wide turn as required by the regulations, keeping a proper lookout, and particularly upon plaintiff; and while thus making the turn, plaintiff still remained standing until the front of the bus reached the north side of the Florida pedestrian lane when plaintiff briskly started walking in an easterly direction. He immediately sounded his horn and applied his brakes, immediately stopping the bus; that plaintiff ran into the right front part of the bus at about the middle of the pedestrian lane and about four feet from the curb; that in the making of the left turn, he was travelling about five miles per hour and was in second gear; that the bus stopped with its front just about opposite the south side of the Florida Street walk, making the bus stop within 11.8 feet from the point where the brakes were applied. The bus driver further states that he had travelled some fifty odd feet from the dead stop to the point where he applied his brakes.
Mr. Demoruelle states that he had parked his automobile on the northwest corner of the intersection, on Church Street, facing south, about twelve feet from the north Florida pedestrian lane. He gives the circumstances of the accident, as given by him in a statement of February 13, 1940, and which is about the same to which he testified, thusly:
"The bus pulled up to the corner of Church and Florida Streets and stopped headed west on Florida at the stop sign. The driver started to turn south on Church Street, but before he completed his turn he collided with a man crossing that street. This man was crossing Church Street from the southwest corner of Florida and Church, and was walking toward the east in the pedestrian lane.
"The bus was travelling at the usual speed that one would travel to stop and pull away from the corner, but the streets were icy and it appeared to me that the front of the bus skidded to the right (west) just as it reached the pedestrians' lane. As it did, the right front of the bus struck this man who was about three feet from the curb at this time.
"It looked to me that when the bus came into the man he threw his hands up and pushed himself away by placing them on the front of the bus. He either pushed himself back or the bus knocked him back. I couldn't tell which."
In his testimony, he states that the front of the bus "was near, about at the pedestrian lane, when it skidded", that when the bus was finally stopped, the back of the bus was in the pedestrian lane; that plaintiff fell near the curb on the southwest side of Church Street, facing north.
His testimony is more in corroboration of the bus driver's version of the accident than of plaintiff's version. He is positive that the bus driver stopped at the intersection before proceeding in making the left turn; that the bus driver made a long turn and that the collision took place some three or four feet from the curb. The fact that he does not corroborate the bus driver as to where the bus finally stopped, nor the bus driver's statement that the street was dry, does not materially alter the situation. Admitting that the front of the bus did slightly skid at the north side of the pedestrian lane, that does not show negligence on the part of the driver. It may have been caused by the application of the brakes. He further corroborates the bus driver to the effect that the collision took place some three or four feet from the curb, indicating that the accident took place as the plaintiff stepped from the curb into the front of the bus.
From the evidence, it seems obvious that the plaintiff was not keeping a proper lookout with reference to traffic which might have been on Church Street or which might *Page 649 
have entered Church Street from Florida Street. Even under his own testimony, the bus made an arc and travelled fully fifty-seven feet, and in the course of making this arc, the light of the bus must have shone on him, and it would seem, even from his testimony, that his only excuse for leaving his place of safety and walking into the path of the bus, was that he was trusting to his right of way and was giving no thought or attention to vehicular traffic.
The rights of pedestrians and motor vehicles at an intersection are equal, and each is obliged to act with due regard to the movements of the other. The law requires of the operator of a motor vehicle the exercise of reasonable care toward pedestrians; the driver of the motor vehicle is not, however, an insurer, and where a pedestrian is standing in a place of safety and apparently sees or should see an approaching motor vehicle, the driver has the right to assume that the pedestrian will remain in the place of safety until the vehicle has passed and will not suddenly step into a place of danger.
Having failed to prove his charges of negligence on the part of defendant's driver, plaintiff argues that he should recover on the doctrine of discovered peril, in that the bus driver should have discovered that plaintiff was inattentive as to the presence of the bus in time to stop his bus and avoid the accident. We are unable to agree with the learned counsel for the plaintiff that the case presents a state of facts under which the doctrine of discovered peril can be applied against the bus driver so as to make the defendant liable. The testimony is all to the effect that the bus driver handled his bus in the usual and normal manner in the making of the left turn and that he kept a proper lookout in the making of the turn. He had seen plaintiff standing in a place of safety at the time of stopping his bus on the east side of Church Street and remain so standing while making the turn. He had a right to assume that the plaintiff was observing the movements of the bus and that he would so remain in his place of safety and not blindly walk into the path of the bus. In fact, he saw plaintiff up to the moment plaintiff attempted to leave his place of safety, whereupon he immediately blew his horn and applied his brakes. His duty was to keep a careful lookout ahead, which he did, and the defendant company cannot be held liable for having failed to avoid an accident which happened by the reckless abandon of plaintiff in walking in the front side of its bus.
For these reasons, the judgment is affirmed.