REGAN, Judge.
The plaintiff, Louis B. Montault, a pedestrian, instituted this suit against the defendants, Mrs. Josephine Bradford, the owner of a Chevrolet Sedan, her insurer, Lumbermen’s Mutual Casualty Company, and Mario Steinvorth, the driver thereof, endeavoring to recover the sum of $28,469, representing damages for personal injuries, medical expenses, loss of business and the income therefrom, incurred by him as the result of an accident which occurred in the intersection of St. Claude Avenue and France Street in the City of New Orleans, on September 21st, 1951, at about 12:50 a. m.,.when he was struck by the Bradford automobile, as he attempted to cross the outbound roadway of St. Claude Avenue.
The defendants pleaded the exceptions of no right or cause of action and vagueness which were referred to the merits and then answered denying that Steinvorth, the driver of the Bradford automobile, was guilty of any negligence in the premises and, in the alternative, pleaded the contributory negligepce of the plaintiff.
The plaintiff voluntarily . dismissed his suit against Mrs. Bradford and Steinvorth.
*602 From a judgment in favor of the defendant, Lumbermen’s Mutual.. Casualty-Company, dismissing plaintiff’s suit he has prosecuted this appeal. .
The record reveals that the accident occurred on September 21st, 1951, between midnight and 1:00 a. m. during or shortly after a rainfall, when plaintiff endeavored to walk across the outbound roadway of St. Claude Avenue at the uptown river corner, of France Street. Plaintiff, accompanied by his wife, observed the approach of the Steinvorth vehicle, to their left, a block away, as they initiated the crossing of the roadway walking towards the lake. When they reached the center thereof plaintiff’s attention was attracted, so he laboriously related by the greeting of two friends who were standing on the downtown river corner of St. Claude Avenue and France Street; he turned in that direction in order to respond thereto and, at this moment, a United Cab, moving from the river towards the lake, and operated by Harry Mermelstein, had stopped in France Street at the St. Claude Avenue intersection and the driver thereof was of the impression that plaintiff desired to engage the services of his cab; plaintiff, on the other hand, related that he walked about five feet towards the cab in order to explain to the driver thereof the real significance of his gesticulations and when he again turned to resume the negotiation of the roadway, he had only moved a few steps when he was struck by defendant’s vehicle.
We are unable to factually reconcile Mrs. Montault’s version of the accident with that of her husband or the other witnesses who observed the accident, since she insists that she did not see the taxicab nor did her husband leave her side to converse with the driver thereof. She related that they noticed the approach of the Steinvorth vehicle when it was more than a block removed from the pedestrian lane, and that her husband turned to his right merely to engage in friendly gesticulations; that when he turned left to face the direction in which they were walking they were within five or six feet of the neutral ground; simultaneously the vehicle loomed before them and her husband pushed her to the neutral ground. She remembers very little thereafter because she believes that she fainted.
By far the most enlightening testimony appearing in the record is that elicited from Mermelstein who, as we have related, stopped his vehicle in the center of France Street at St. Claude Avenue only moments before the accident occurred. It is interesting to note'that prior to the trial he refused to issue a statement at the request of either litigant and during the course thereof he was subpoenaed to testify as a witness on behalf of the plaintiff. He related that he initially observed plaintiff in the center of the street walking towards his car yelling “taxi”; when he was about five to ten feet from the cab, with his back facing the roadway of St. Claude Avenue, Mermelstein informed him that the cab was engaged but that he would “radio” for one if ’plaintiff, would wait on the neutral ground. He also" revealed that Mrs. Montault had reached the neutral ground and was standing there during the course of this conversation. In conclusion he asserted that ■ “no sooner than the man .went to turii to.walk across the street then the car approached and when I hollered watch out, it was too late.” Mermelstein fixed plaintiff’s position close to the center of St. Claude Avenue when he was struck by the vehicle’s right front fender or the side thereof and “rolled like a ball.”
There is not a scintilla of evidence contained in the record to substantiate the testimony of plaintiff or his wife that when they had reached the center of the roadway, plaintiff’s attention was attracted by the greeting of two friends. We are convinced that plaintiff reversed his direction in order to engage the services of a taxicab because of the inclement weather.
Steinvorth, the operator of the offending vehicle, stated that he was moving twenty-five miles per hour in St. Claude Avenue as he approached France Street; he initially observed both the taxi and plaintiff therein, when the vehicle was about five yards from the plaintiff and he appeared *603 to be emerging from around' “the front of the taxi” moving forward from-Steinvorth’s right to his left;. he endeavored to swerve his car towards the neutral ground but plaintiff "did not stop running across * * He related that when the impact occurred plaintiff was aboqt ten feet from the uptown river corner of St. Qaude Avenue and France Street.
Counsel for plaintiff in relying upon the well established principles of law originally enunciated in the cases of Rottman v. Beverly, 1936, 183 La. 947, 165 So. 153, and Jackson v. Cook, 1938, 189 La. 860, 181 So. 195, and expansively reiterated in subsequent cases, insist that even if the plaintiff was negligent .and even though that negligence continued up to the moment of impact, defendant is liable.if the driver of the car had the last clear chance of avoiding the accident and failed to do so. In relying on the doctrine of .last clear chance counsel for plaintiff has-, in effect,- -admitted his own negligence. - -
Counsel for defendant, on the other hand, concede the merit of plaintiff’s counsel’s assertion with respect to the foregoing general principles of law, i. e., the doctrine of last clear chance applies despite the fact that the plaintiff’s negligence continued up to the moment of the accident, but they point out that the application of this doctrine depends, in the final' analysis, upon Steinvorth’s superior knowledge of - the-peril coupled with his ability to avoid the injury or, more specifically, • since the pedestrian moved suddenly from a relative point of safety into the path of Steinvorth’s vehicle, he was not afforded the last clear chance to execute any preventive measures to avoid the imminent accident.
The only question posed for our consideration is whether the facts and environmental characteristics of the accident as disclosed by the record permit of the application of the doctrine • of last clear chance ?
The doctrine of last clear chance, and the ramifications thereof, i. e., discovered and apparent peril, as we understand it, simply means that the courts will hold a negligent defendant liable, to a negligent plaintiff if the defendant, aware of the plaintiff’s peril, or unaware of it only through lack .of care, had, in fact, a later chance than the plaintiff to avoid the accident.
We are of the opinion that the factual., content of the record conclusively shows that Steinvorth was not negligent, therefore, 'the foregoing doctrine is inapplicable herein.; but, assuming arguendo that he was negligent, in that event, he was not afforded the last clear-chance of avoiding the accident.
- Plaintiff carried-the burden of establishing fault on Steinvorth’s part by a preponderance o.f the evidence; not only has he failed in this essential .respect, but it is now perfectly clear to us after a careT ful evaluation of the record that the injuries to plaintiff which occurred during inclement weather, around midnight, were caused solely by his gross negligence in suddenly walking from a place of safety into the path of defendant’s vehicle at a time when it was too late for Steinvorth to avoid striking him.
The lower court obviously entertained the opinion that the' proximate cause of the accident was the impetuous movement of plaintiff from a point of relative safety into the path of defendant’s vehicle, at a moment when it was too late from the standpoint of both time and distance for Stein-vorth -to do anything to circumvent the impending accident. We concur in this finding of fact.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.