JANVIER, Judge.
Just before four o’clock on the afternoon of January 4, 1954, on Burgundy Street just below the comer of Canal Street, in New Orleans, and during a rather heavy rain, Mrs. Elfriede Guenther Arnold, wife of John B. Arnold, a pedestrian who, at the time, was 47 years of age, either walked into the side or was struck by the front of an automobile owned and driven by Henry W. Reuther, was knocked to the pavement of the street, and sustained quite serious physical injuries.
Mr. and Mrs. Arnold, charging that the accident resulted from negligence on the part of Reuther, brought this action ex delicto against him and against United States Casualty Company, his liability insurance carrier, praying for judgment in an aggregate amount of $31,475.98 covering medical and hospital expenses already incurred and anticipated, and pain and suffering and permanent injury. They allege that Reuther was negligent in that he either saw Mrs. Arnold in time to avoid striking her, or was at fault in that he did not see her although he could have done so, and that had he seen her, he could have avoided striking her.
Defendants deny any negligence on the part of Reuther and aver that the accident resulted solely from negligence of Mrs. Arnold in that, as Reuther made a left turn on the proper signal from Canal Street into Burgundy Street in a down river direction, Mrs. Arnold suddenly ran in front or into the side of the left front fender of his car when it was so close to her that Reuther could not bring it to a stop and thus avoid the accident.
In- the alternative that it appear that there-, was fault on the part of Reuther, defendants made the following allegation: “ * * * respondents specially plead the contributory negligence of Mrs. Arnold in the respects set forth in Articles 15 through 17 herein-above.”
In the Civil District Court for the Parish of Orleans there was judgment in favor of the defendants dismissing the suit of Mr. and Mrs. Arnold and they have appealed.
Since counsel for plaintiffs devoted considerable time to the contention that contributory negligence had not been properly pleaded, we shall discuss that contention, *595 although it is unimportant since we feel that defendant, Reuther, was in no way at fault.
Counsel for plaintiffs assert that contributory negligence has not been properly pleaded for the reason that, in the article of the answer in which this defense is sought to be made, defendants did not repeat in detail the charges of negligence asserted against Mrs. Arnold in Articles 15, 16 and 17 of their answer. These articles immediately precede the plea which merely refers to those charges and by reference makes them part of the said plea. We think this fully complied with the well established rule that contributory negligence must be specially pleaded.
On Canal Street there is a very extensive neutral ground on each side of which is a vehicular roadway, each of which is also very wide. At this comer there are various automatic semaphore traffic signal lights .which control all traffic except that the light which would control pedestrian traffic on the lower side of Canal proceeding towards the Mississippi River had been “blacked out”, so that at that time there was no light which faced pedestrians going in the direction in which Mrs. Arnold was going. Though there is evidence showing this, we find it of no importance.
Reuther, in his car, had driven in Canal Street towards the Mississippi River and, at the corner of Burgundy Street, had turned left on the proper signal — an arrow pointing towards Burgundy Street. After turning, he had crossed the neutral ground and the lower roadway of Canal Street and had just entered Burgundy Street at a speed of about 15 miles an hour.
Mrs. Arnold was on the lower sidewalk of Canal Street and had been walking towards the Mississippi River. It was raining and she was holding a newspaper over her head to protect her hat from the rain. She says, and the record also otherwise shows, that there were quite a number of other pedestrians on both sides of Burgundy
Street, some going in each direction. All of these persons were standing, apparently waiting for the crossing to clear so that they might cross in both directions. While the record does not expressly show that there was any such other traffic, it does show that it was raining and that those other persons were standing waiting. Accordingly, there must have been other traffic as otherwise they would have hurried across to escape the rain.
At any rate, as Mrs. Arnold reached the Burgundy Street crossing, she did not at once attempt to cross. She waited a short time, though probably only a few moments, and then proceeded. She says that she was in the pedestrian lane, though she was not near the Canal Street side of that lane, but had gone a few feet up Burgundy Street as she always doe's as she did not want to be near the curb line of Canal Street because of the possibility of traffic turning suddenly into Burgundy Street. At one point she is obviously confused because, after saying that she never crosses near the upper edge of the pedestrian lane, at another she marked the spot at which she started to cross as being indicated by a trash box. This box, as made evident by one of the photographs, was located immediately alongside the Canal Street curb. This is of no particular importance, but there is other evidence to the effect that she was attempt'ing to cross some distance below the regular pedestrian lane. One witness, Jo Ann Cim-ino, very important for defendants, says that Mrs. Arnold “had run to get out of the rain * * * ” and that she had stepped into the street “from behind the utility pole.” On one of the photographs this witness identified the pole she had referred to and it is evident that this pole is at least 10 or 12 feet down Burgundy Street from the lower side of the pedestrian lane.
These facts are of no great importance, the really important fact being that just before the car of Reuther reached a point opposite that at which Mrs. Arnold stood on the sidewalk among the other pedestri *596 ans, she, at a hurried pace, entered the street and attempted to cross.
There is not a word of evidence which would tend to show fault on the part of Reuther except his own statement that he did not see Mrs. Arnold as she left the sidewalk and, in fact, did not see her until she was actually “in front” of his car.
Counsel for plaintiffs assert that if he did not see her until she was in front of him, he must have been negligent in not maintaining a proper lookout and that had he done so, he would have realized her peril and could have stopped his car before it struck her.
We are not at all certain that the evidence shows that she was in front of the car when she was struck. There is considerable room for doubt on this point and much reason to believe that she walked at a rapid pace into the front end of the left front fender. The statement of Reuther that he did not see her until she was in front of his car is very much tempered by other statements, for when asked what part of his car struck her, he answered, “it could have been the front or could have been the side,” and a little later, although he said that he had not seen her when she was on the curb, he said that he did see her when she was “right by the automobile,” and that at that time she was “right on the car.”
The street was 28 feet wide, the car was between six and seven feet in width, so that if the car was in the middle of Burgundy Street there was on each side of it about ten or eleven feet between it and the curb. In fact, in their petition, plaintiffs allege that Mrs. Arnold had gone about “eight feet from the curbing^’ when she was struck.
Counsel for plaintiffs concede the negligence of Mrs. Arnold in entering the street in the face of obvious danger, but they confidently declare that under the doctrine of Rottman v. Beverly, 183 La. 947, 165 So. 153, 158, and extended in Jackson v. Cook, 189 La. 860, 181 So. 195, and. followed many times since, the negligence of Mrs. Arnold loses its importance if it is shown that had Reuther been on the alert he could have avoided striking her; that at the speed at which he was operating his car and taking into consideration the reaction time and the stopping distance of a car running at 15 miles per hour, he could have stopped two or three feet before his car reached her.
Counsel have made what may be called a “split second” calculation showing that he could have done this and that at least two or three feet would have remained had he been on the lookout and had he applied his brakes as soon as he could have applied them.
A human being, no matter how efficient, is not a mechanical robot and does not possess the ability of a radar machine to discover danger before it becomes manifest. Some allowance, however slight, must be made for human frailties and for reaction, and if any allowance whatever-is made for the fact that a human being must require a fraction of a second for reaction and then cannot respond with the mechanical speed and accuracy such as is found in modern mechanical devices, it must be realized that there was nothing that Reuther, a human being, could have done to have avoided the unfortunate result which the negligence of Mrs. Arnold brought upon herself.
In Bergeron v. Department of Highways, 221 La. 595, 60 So.2d 4, 8, referring to such split second calculations, the Supreme Court said:
“As a result of those calculations, especially those of the rate of speed of the respective vehicles which are based principally on assumptions, the difference is one of seconds in the matter of time, and of a few feet only in the matter of distance; too little in our opinion to justify the application of the doctrine of last clear chance and discovered peril. ‘The doctrine *597 of the last clear chance is one involving nice distinctions, often of a technical nature, and courts should be wary in extending its application.’ Hutcheson v. Misenheimer, 169 Va. 511, 194 S.E. 665, 667.”
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.