REGAN, Judge.
Plaintiff, Service Fire Insurance Company of New York, the subrogee insurer of Mrs. Mildred O. Ticoulet, instituted this suit against the defendants, Sidney J. Eusea, and his insurer the Houston Fire and Casualty Insurance Company, endeavoring to recover the sum of $1,275 representing property damage sustained on November 6, 1954, at about 11 P.M. as the result of a collision on U. S. Highway 90 in Paradis, Louisiana, between a 1952 Hudson automobile owned and operated by Mrs. Ticoulet and Eusea’s 1953 DeSoto. Defendants answered and admitted the occurrence ■of the accident, but asserted that the proximate cause thereof was the negligence of Mrs. Ticoulet and, in the alternative, pleaded both the contributory negligence of Mrs. Ticoulet and that she had the last clear ■chance to avoid the collision. From a judgment in favor of defendants dismissing plaintiff’s suit, it has prosecuted this appeal.
The record reveals that Highway 90, as it passes through Paradis, Louisiana, is a two lane highway running east and west, •east toward New Orleans and west toward Houma. At the situs of the collision, Nack’s Bar and Restaurant is located on the north side of the highway, approximately 90 feet from the roadway. Between the restaurant and highway there exists a shell parking area, measuring approximately 156 feet in width. The speed limit applicable to this highway is conceded to be 60 miles per hour.
Mrs. Ticoulet, accompanied by Earl V. 'Brouillette, a guest passenger, was driving Tier vehicle over the shell parking area moving toward the highway and away from the restaurant with the intention of crossing the westbound lane of traffic and then ■executing a left turn in order to proceed toward New Orleans. Sidney Eusea was ■driving his DeSoto sedan in a westerly direction on Highway 90, moving in the general direction of Houma, Louisiana. The .collision occurred between the Ticoulet and Eusea automobiles in the westbound traffic lane on Highway 90.
Mrs. Ticoulet testified that after dining at Nack’s Bar and Restaurant and drinking two bottles of beer with her companion, Earl V. Brouillette, she turned her car around in the parking area of the restaurant, approached the highway, and then stopped at its edge. She looked to her left and observed three cars about two blocks away coming toward her in the westbound lane of the highway. To her right she saw two cars in the eastbound lane, one at a distance of about one-half block and the other about one and one-half blocks. Assuming that she would have time to clear the highway before the westbound cars reached her or that they would in any event be able to stop when they saw her, she then drove on to the highway, intending to wait and permit the first car approaching from her right to pass so that she could enter the eastbound lane of the highway. While in the westbound lane, Mrs. Ticoulet’s car was struck in about its center by Eusea’s automobile. Mrs. Tic-oulet insisted that she had stopped her automobile in the highway, but her companion, Brouillette, in contradiction thereof stated that the car was moving very slowly at the time of the accident.
Eusea testified that on the night of, and during the three hours just prior to, the accident he had stopped at two taverns and had consumed approximately six small bottles of beer. He re-entered his vehicle and drove west on U. S. Highway 90; as he was approaching Nack’s Bar and Restaurant, he saw crossing the road the beam of the headlights of Mrs. Ticoulet’s car which was about 75 feet away and obviously stopped. Then, the Ticoulet car moved on to the highway when he was about 15 or 20 feet away and he no longer possessed the opportunity of avoiding the accident.
The trial judge found as a fact that Mrs. Ticoulet was guilty of gross negligence in endeavoring to cross the highway *856 in the face of an oncoming vehicle, and our careful analysis of the record fails to reveal any error in the factual or legal conclusions reached by the trial judge. LSA-R.S. 32:237, subd. E, provides:
“The driver of the vehicle entering a public highway from a private road or entering a private road from a public highway shall yield the right of way to all vehicles approaching on the public highway and to all pedestrians properly walking thereon.”
The final question posed for our consideration is whether the facts and the environmental characteristics of the accident as disclosed by the record permit the application of the doctrine of last clear chance.
“The doctrine of last clear chance, and the ramifications thereof, i. e., discovered and apparent peril, as we understand it, simply means that the courts will hold a negligent defendant liable to a negligent plaintiff if the defendant, aware of the plaintiff’s peril, or unaware of it only through lack of care, had, in fact, a later chance than the plaintiff to avoid the accident.”[1]
We are of the opinion that the factual context of the record shows that Eusea was not negligent; therefore the foregoing doctrine is inapplicable herein. But assuming arguendo that he was negligent, in that event, he was not afforded the last clear chance of avoiding the accident. He was confronted with a sudden emergency and acted as any reasonable man would have acted under similar circumstances. Plaintiff was required to carry the burden of establishing fault on Eusea’s part by a preponderance of the evidence; not only has it failed in this esssential respect, but it is now perfectly clear to us after a careful evaluation of the record that the damages incurred by the Ticoulet vehicle were caused solely by her gross negligence in suddenly moving from a place of safety into the path of Eusea’s vehicle at a time when it was too late for him to avoid striking her.
The lower court obviously was of the-opinion that the dominant cause of the accident was the impetuous movement of the Ticoulet vehicle from a point of relative safety — that is, the shell parking area of Nack’s Bar and Restaurant, into the path of defendant’s vehicle, which was being operated in the westbound lane of U. S. Highway 90, at a moment when it was too-late from the standpoint of both time and distance for Eusea to do anything to circumvent the impending accident.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Montault v. Bradford, La.App.1955, 79 So.2d 601, 603.