LOTTINGER, Judge.
This is a suit for Personal injuries filed by James Davis against Thomas Fitzpatrick and his liability insurer, Great American Indemnity Company, for personal injuries sustained by petitioner when he, as a pedestrian, was struck by an automobile driven by defendant. The Lower Court awarded judgment in favor of defendant and dismissed petitioner’s suit, the petitioner has taken this appeal.
The record discloses that the accident occurred at approximately 11:30 o’clock P.M. on November 14, 1958, on U.S. Highway 190, about four and one-half miles east of the City of Baton Rouge. The highway in question is a paved and heavily traveled one, and, at the time of the accident, the weather was foggy. The defendant was driving in a westerly direction at a speed *323 of 40 to 45 miles per hour shortly before the impact.
There is serious dispute between the testimony of defendant and that of petitioner, and his witnesses, regarding the question of how the accident happened. The defendant testified that he was proceeding at a speed of 40 to 45 miles per hour when he was approached by traffic traveling east and dimmed his lights so as not to blind the oncoming traffic. Defendant was blinded by the approaching vehicles, and slowed to approximately 30 to 35 miles per hour when he noticed three dark shadows in the highway walking from his left to his right. These shadows, which turned out to be petitioner and his two companions, were located in the highway as follows: one was about in the middle of defendant’s lane of traffic, one was about on the center line of the highway, and the third was approximately two feet to defendant’s left of the center line. Upon noticing these figures at a distance of about 30 feet, defendant immediately applied his brakes and cut somewhat to the left when he heard a thud. His vehicle stopped at a distance of some 30 to 35 feet past the point of impact] and the two companions of petitioner ran to defendant’s car and notified him that he had struck the petitioner. The defendant backed his car to where petitioner was lying, and he was put into the car and taken to the hospital. The defendant testified that in attempting to avoid striking the figures on the highway, he cut to his left, to about six inches across the center line, but was unable to go further because of the oncoming traffic. He testified that after the petitioner and his companions got into his car, they smelled strongly of alcohol, and that when the doctor was working on petitioner at the hospital, he noticed alcohol on the breath of petitioner.
The petitioner and his two companions, Walter LaCox, Jr. and Robert Lee Williams, gave an entirely different version of the accident. They stated that they had been traveling towards Baton Rouge in LaCox’s car when they developed car trouble. They pulled to their right shoulder in order to stop and add oil to the motor when their vehicle became stuck in the mud. They testified that all three were standing on the shoulder of the highway, some two or three feet from the paved portion, when the Fitzpatrick vehicle left the highway and struck the petitioner, and then went back onto the highway where it came to a halt.
Dr. Richard B. Means, Jr., who treated the petitioner, for his injuries at the hospital, testified that the petitioner had been drinking, and stated that he was in such a condition of intoxication that he stated not to give him any anesthetic to relieve the pain before he began to fix his fractured arm. The record also discloses that the two companions of petitioner caused a commotion at the hospital and the police took them off to jail for disturbing the peace.
The Lower Court, in its reasons for judgment, commented as to the credibility of the witnesses and believed the version of the accident as testified by the defendant. In the absence of gross, or manifest, error it has been the policy of the Appellate Courts to affirm the findings of fact of the Lower Court. Neither version of the accident is substantiated by any physical evidence whatsoever, and this accident was not investigated at the scene by police officials. We feel that the version of defendant to be the most reasonable one. Accepting the version the Lower Court held that the defendant was faced with a sudden emergency when he noticed the three figures in the highway directly in front of him, and that he acted as a reasonable and prudent driver in attempting to stop and avoid the accident. The Lower Court found no negligence on the part of the defendant. Inasmuch as we find no error in the decision of the Lower Court, it will be affirmed.
Upon appeal, the petitioner cites the cases of Moses v. Mosley, 146 So.2d 263, *324 wherein the Third Circuit Court of Appeal said that when visibility is materially impaired, a motorist must drive with an unusual high degree of care and reduce speed to such an extent and keep his vehicle under such control as to reduce to minimum the possibility of a collision. In the cited case, the defendant was driving under adverse raining and freezing conditions. His windshield was caked with ice, and he did not notice the stopped vehicle of petitioner until he was some 50 feet from it, although visibility was approximately 200 feet. The rule as set forth in that case, however, is subject to the exception that a motorist traveling at night is not charged with the duty of guarding against striking an unexpected or unusual obstruction, which he has no reason to anticipate he would encounter on the highway. Vowell v. Manufacturer’s Casualty Insurance Company, 229 La. 798, 86 So.2d 909. Furthermore, in the instant case, the defendant testified that he was temporarily blinded by the lights of the approaching vehicle, and the Lower Court held that it was this exceptional condition, the blinding, which relieved him temporarily, from discovering the presence of the figures in the highway. We do not believe that the particular circumstances in this case brings it within the rule as set forth in the Moses case. Even were we to assume that the defendant was guilty of negligence in the present case, certainly the petitioner was guilty of contributory negligence in crossing the highway directly in the path of defendant’s oncoming vehicle.
For the reasons hereinabove assigned, the judgment of the Lower Court will be affirmed, all costs of this appeal to be paid by petitioner.
Judgment affirmed.