YARRUT, Judge.
The widow and two major children of William Derby, Sr. seek to recover damages for his death on Veterans Highway on the night of March 23, 1962, at a point 40 feet east of the intersection of Metairie Heights and the south (Orleans-bound) roadway of Veterans Highway, in Jefferson Parish, when hit by an automobile driven by Defendant, Ronald Redmann. Reference to “Defendant” herein is to Ronald Redmann only.
*230 Defendant was driving his automobile toward New Orleans on Veterans Highway at 7:45 p.m., accompanied by his wife who was sitting on the front seat, on his way to the Jesuit Gym in New Orleans to participate in a basketball game. He was travel-ling in the left (canal lane) at a speed of approximately 40 m.p.h. Veterans Highway, at the scene of the accident, had four roadways, east and west, two 12-ft. lanes each, divided by a drainage canal. There was no street lighting on Veterans Highway near the scene of the accident, and the highway curves gradually to the right a short distance from the scene of the accident.
Metairie Heights is a two-way, undivided street controlled by a “stop” sign at the intersection of Veterans Highway, giving traffic on Veterans Highway the right-of-way, with a speed limit of 45 miles.
There was one vehicle in Defendant’s lane of travel approximately 400 feet in front, and another vehicle in the lane to the right about a car length in front of him. There were many cars following in his lane.
Near the scene of the accident, the driver of the vehicle in the lane to the right of Defendant applied his brakes and swerved to the right. At that time Defendant, for the first time, noticed decedent, who had just stepped into his lane of travel a few feet ahead of him. Defendant promptly swerved his car to the left and applied his brakes. Decedent, who had been drinking, looked up, quickened his step into the middle of Defendant’s lane and contacted Defendant’s vehicle where the right front fender meets the door. Defendant’s vehicle went over the side of the drainage canal and stopped at the water’s edge. Decedent lay prostrate on the highway five feet from the point of contact.
Plaintiffs insist that deceased was guilty of no negligence, and that the accident was due solely to the negligence of Defendant in not keeping a proper lookout and, alternatively, that Defendant had the last clear chance to avoid the accident.
The district judge in his written reasons for dismissing Plaintiffs’ suit stated'
“A consideration of the evidence convinces the Court that Mr. Derby had been drinking and that he attempted to cross the Veterans Highway near Met-aire Heights intersection, and that as he was crossing two automobiles were bearing down upon him, one in the right lane and one in the left lane. He apparently attempted to dodge the vehicle in the right lane by dashing into the left lane, hoping to reach the safety of the shoulder, but the vehicle in the left lane, although he took evasive action, could not avoid him and he was struck by that vehicle. The Court finds no negligence on the part of the defendant driver, and indeed notes that he took the best course of action that he could, and that he would have avoided the accident entirely, had not Mr. Derby run into the side of his vehicle just about the rear of the windshield, as graphically illustrated in the photographs.”
In his written reasons for refusing Plaintiffs’ motion for a new trial, the district judge, inter alia, stated:
“Unquestionably in my mind, this is a rather close case, and I seriously considered the proposition of last clear chance; and had this accident taken place in the daytime, it is fairly possible that I may have been persuaded to render judgment the other way. But this accident took place at night; and this highway is, in general, poorly illuminated in this spot, from the testimony itself. The lights that the people referred to are either from the service station which is off to the side of the street, or the street light which is hanging there is actually off the shoulder of this very wide road, and even under the light it appeared the wit *231 nesses had difficulty in saying how-well illuminated it really was. There was also some question raised about a curve in the road.”
From a reading of the record it is clear that the deceased was concealed from Defendant’s view by the vehicle ahead to his right, in front of which deceased was crossing the highway in the darkness, and only came into view of Defendant when Defendant was too close to stop. Defendant, in the emergency, swerved to his left but could not avoid the contact with decedent, and his automobile landed at the water’s edge of the canal. Defendant, in the emergency not created by him, could easily have lost his life if his vehicle had “nosed” completely into the canal and been submerged.
The testimony and physical evidence clearly show that decedent attempted to cross Veterans Highway a short distance from the intersection of Metairie Heights when it was unsafe because of approaching traffic on Veterans Highway; that Veterans Highway had the right-of-way at the intersection of Metairie Heights; and that decedent either walked or ran into the side of the Defendant’s vehicle. Under these circumstances decedent was grossly negligent. Davis v. Fitzpatrick, La.App., 150 So.2d 322; Arnold v. Reuther, La.App., 92 So.2d 593; Montault v. Bradford, La. App., 79 So.2d 601; Silvera v. Gallardo, La. App., 63 So.2d 15.
Having acted unsuccessfully to avoid the accident in an emergency to which he had in no way contributed, but which was created solely by deceased’s negligence, Defendant cannot be held to have been at fault. Welch v. Welch, La.App., 169 So.2d 713 and the cases cited therein.
Judgment of the district court in favor of Defendants is correct; costs in both courts to be paid by Plaintiffs.
Judgment affirmed.