200 So.2d 360 (1967)
Mrs. Aline Euper PITRE, Individually and for the Use and Benefit of her minor child, Sue Carroll Pitre,
v.
Mrs. Joycelyn B. THIBODEAUX, wife of/and Richard J. Thibodeaux et al.
No. 2664.
Court of Appeal of Louisiana, Fourth Circuit.
June 5, 1967.
Rehearing Denied July 5, 1967.
*361 Lambert J. Hassinger and James E. Courtin, New Orleans, for plaintiffs-appellants.
Christovich & Kearney, W. K. Christovich, New Orleans, and Rene Pastorek, Gretna, for defendants-appellees.
Before YARRUT, SAMUEL and BARNETTE, JJ.
SAMUEL, Judge.
Mrs. Aline Euper Pitre, individually and as natural tutrix of her minor daughter, Sue Carroll Pitre, filed this suit to recover damages resulting from injuries sustained by the minor when allegedly she was struck by an automobile; Miss Pitre was 18 years of age at the time of the accident. Defendants are the driver of the automobile, Mrs. Joycelyn B. Thibodeaux, her husband and their liability insurer. Plaintiff has prosecuted this appeal from a judgment rejecting her demands and dismissing her suit. Having attained the full age of majority, Miss Pitre has been substituted as a party appellant in place of her natural tutrix.
*362 The accident occurred at approximately 5 p. m. on Franklin Avenue, at or near its intersection with Wiedman Street, in the City of Gretna, Louisiana. Franklin Avenue is divided by a wide neutral ground on each side of which is sufficient room for three lanes of moving traffic. The lanes are not marked as such and the two closest to the sidewalk curbs were often used for Franklin was wet at the Wiedman interseccident there were no parked vehicles in the immediate vicinity; the weather was clear and dry; and, although the streets were wet in some places due to a rain earlier that day, the record contains no evidence that Franklin was wet at the Wiedman intersection or that the surface condition of Franklin had anything to do with the accident.
Five eyewitnesses testified relative to the manner in which the accident occurred. They were: Miss Pitre, the injured party; Mrs. Thibodeaux, the driver of the defendant vehicle; Mrs. Ola Mae Pampas, whose home was on the Franklin-Wiedman corner and who saw the accident from her front porch; James Allison, driver of the first car directly behind, and in the same lane of travel as, the defendant vehicle at a distance of about 100 feet; and Bernard V. Poelking, driver of a car (in the lane of traffic closest to the neutral ground and adjoining the lane occupied by the defendant vehicle) about four car lengths behind the defendant automobile. Mr. Poelking, who had moved to California, testified by deposition.
Miss Pitre testified as follows: She had walked on the Franklin Avenue neutral ground in a northerly direction for a distance of about two blocks. Just a few feet before reaching the Wiedman Street intersection, and after looking for and seeing no approaching traffic, she turned left and proceeded to walk straight across Franklin from the neutral ground towards the sidewalk curb. She did not again look for approaching traffic and was struck when she was in the "parking lane" about 2 or 3 feet from the sidewalk curb.
Miss Pitre's testimony is uncorroborated by anything in the record and is completely contradicted by the testimony of all the other four eyewitnesses, three of whom (those other than Mrs. Thibodeaux) did not know any of the litigants and were entirely disinterested witnesses. We find unnecessary to discuss the testimony of each of those four witnesses in detail. They were not in contradiction on any of the material facts and their total testimony is as follows:
The defendant vehicle was traveling in a southerly direction on Franklin Avenue, at a legal speed of between 30 to 35 miles per hour, in what could be considered the center traffic lane, i. e., the lane between the one closest to the neutral ground and the one closest to the sidewalk curb. Miss Pitre was walking on Franklin Avenue in a northerly direction (thus facing approaching traffic, particularly the defendant car) in the lane closest to the sidewalk curb, parallel to and about 3 feet from that curb. Mrs. Thibodeaux was aware of the presence of Miss Pitre in the adjoining lane. As she was watching Miss Pitre, and when they were a short distance (roughly 100 feet) apart, the latter suddenly quickened her steps and appeared to be turning into the lane in which the defendant vehicle was traveling. Mrs. Thibodeaux immediately applied her brakes but as her car came abreast of Miss Pitre the latter either walked or lunged into the adjoining traffic lane and into the right side of the automobile. The defendant vehicle came to a stop about two car lengths from the point of impact and a short distance on the south side of the intersection; the skid marks extended over a distance of approximately 50 measured feet; and the vehicle remained in its traffic lane at all times until moved closer to the curb after coming to a stop.
The trial judge did not find Miss Pitre's testimony to be credible. Accepting the testimony of the other four eyewitnesses and finding the facts to be as described by them, he concluded that Mrs. Thibodeaux was without fault and that the *363 accident had been caused solely and only by the negligence of Miss Pitre. We are in thorough agreement with his findings and conclusions.
In this court counsel for appellants, in addition to contending that Miss Pitre was struck while she was standing in the "parking" lane, a contention we have already found untenable, alternatively argues that the sight and sound of the "screeching" automobile constituted a sudden emergency insofar as Miss Pitre was concerned, an emergency resulting from the failure of the defendant driver to keep her vehicle under proper control and from her sudden and unnecessary application of brakes, and caused Miss Pitre to walk or jump into the automobile rather than away from it. We also find appellants' alternative contention to be untenable.
It is our established jurisprudence that when a motorist sees a pedestrian, apparently adult and in full possession of his faculties, in a position of safety, the motorist has a right to assume the pedestrian will not leave his position of safety and recklessly expose himself to danger; and the motorist can rely on this presumption until some unusual action on the part of the pedestrian indicates the latter is going to leave his position of safety. Sorrell v. Allstate Insurance Company, La.App., 179 So.2d 499; Soileau v. New Hampshire Insurance Company, La.App., 160 So.2d 793; Jones v. Dozier, La.App., 160 So.2d 395; Accardo v. Grain Dealers Mutual Insurance Co., La.App., 151 So.2d 116; Bechtel v. Oriol, La.App., 52 So.2d 589; Webb v. Baton Rouge Bus Co., La.App., 15 So.2d 646. Our jurisprudence is also to the effect that the doctrine of sudden emergency cannot be invoked successfully by one whose negligence has brought about or contributed to the emergency. Dane v. Canal Insurance Company, 240 La. 1038, 126 So.2d 355; Snodgrass v. Centanni, 229 La. 915, 87 So.2d 127; Derby v. Redmann, La.App., 180 So.2d 229; Welch v. Welch, La.App., 169 So.2d 713.
In the instant case the doctrine of sudden emergency is not available to appellants even if their alternative contention is correct to the extent that, within the meaning of the doctrine, a sudden emergency did exist. For the sudden application of brakes by Mrs. Thibodeaux was caused solely by the injured plaintiff whose actions led the defendant driver to reasonably believe she, Miss Pitre, was going to proceed into the path of the automobile. At that time a quick application of the brakes was necessary and proper. As we have said, Mrs. Thibodeaux was without fault; and in the absence of fault there can be no liability under Civil Code Article 2315.
The judgment appealed from is affirmed.
Affirmed.