CUTRER, Judge.
Plaintiff sued defendant for $33,703.91 representing damages sustained when plaintiff’s pickup truck was struck by one of defendant’s trains near the intersection of Choctaw Road and North Acadian Thruway West where the latter street crosses the main line of defendant’s railroad which runs from Baton Rouge to Hammond, Louisiana. Defendant answered, denying any negligence on its part and alternatively alleging contributory negligence on the part of plaintiff. The trial judge held that defendant was guilty of negligence but also ruled plaintiff was contributorily negligent. From a judgment dismissing plaintiff’s suit, he has taken this appeal.
The facts show that on November 26, 1965, at approximately 8:30 P.M. on a clear night, plaintiff was travelling south on *96 Acadian Thruway West and came to its intersection with Choctaw Road, which is controlled by a traffic semaphore approximately 70 feet north of the railroad tracks. At a distance of 21.05 feet-north of the north rail of the main track, there is located the standard “Louisiana- Law Stop” sign near the west edge of Acadian Thruway West. The light was green and he proceeded across the intersection. Without reducing his speed, plaintiff traveled the remaining distance to the crossing where he was struck by the train. The track is laid in an east-west direction and is straight for at least a mile. The speed of the vehicles involved in this accident is undisputed. The truck driven by Mr. Carlin was travelling at a speed of approximately 25-30 miles per hour and the train was travelling at approximately 18-20 miles per hour when the collision occurred. A spur track emanating approximately 250 feet west of the center of South Acadian Thruway West and proceeding in a northeast direction bisects the intersection of Choctaw Road and Acadian Thruway West. Two hopper cars on the spur track were parked 51-55 feet from the wvest curb of Acadian Thruway West.
The headlight on the train was burning. The members of the train crew who were in the engine testified that the headlight was burning and that the bell and horn were sounded, but some testimony was offered by the plaintiff to the effect that the bell and horn on the train were not sounded as the train neared the crossing.
The railroad company failed to furnish any warning at the crossing other than the standard railroad crossing signs. The trial judge found that the crossing was of such an extraordinarily dangerous nature that the defendant should have taken much greater precautions in order to protect motorists crossing the tracks at this heavily travelled intersection. In his written reasons for judgment, the trial judge stated:
“I am convinced that both parties were negligent. I could not make it too strong in reciting the negligence of the defendant railroad. It is appalling in the court’s opinion.”
In our opinion, this case can be decided on the issue of contributory negligence. Assuming for the sake of argument that the defendant and the train crew were negligent in failing to take precautions commensurate with the danger at this particular intersection, it is evident that Carlin was guilty of contributory negligence. In Glisson v. Missouri Pacific Railroad Company, La.App., 158 So.2d 875, 246 La. 470, 165 So.2d 289 (June 8, 1964) the court stated:
“The general rule of law is that a motorist approaching a railroad crossing must use his senses of sight and hearing for possible oncoming trains, before traversing the crossing. Tucker v. Illinois Central Railroad Company, 141 La. 1096, 76 So. 212; Rachal v. Texas & Pacific Railway Company, La.App., 61 So.2d 525; Matthews v. New Orleans Terminal Company, La.App., 45 So.2d 547. A motorist negotiating a railroad crossing is burdened with the responsibility of seeing and hearing that which he could have seen and heard, and he is presumed in law to have seen and heard what he could have seen and heard. Jackson v. Cook, 189 La. 860, 181 So. 195. If the motorist’s view of the right of way is obstructed, he must exercise a higher decree of caution. See Renz v. Texas & Pacific Railway Company, La.App., 138 So.2d 114, and the authorities cited therein.”
See also Sule v. Missouri Pacific Railroad Co., La.App., 181 So.2d 280.
It is important to note that Mr. Carlin, a resident of Baton Rouge, testified that he was familiar with this particular crossing. The record reveals that the intersection was well lighted. There was no oncoming traffic to blind Mr. Carlin since South Acadian Thruway West, a two lane street which provides one way traffic for southbound vehicles. Plaintiff did not reduce *97 his speed nor did he look to his right in order to ascertain whether a train was approaching. Mr. Carlin testified:
“Q Did you reduce your speed any in going over that track?
A No, sir, I didn’t reduce my speed.”

“Q Did you slow down to look to see if there was a train approaching?
A Well, I was driving in the right lane heading south and my sight was ahead of me. I could see the light and I was looking straight ahead and I saw no train.
Q You did not look to the right to see if there might be a train approaching, is that correct, sir?
A I didn’t stop and look to the right, no, sir. My sight was ahead and I was in the right lane heading south.
Q Nor did you slow down to look to the right to see if there was a train approaching, is that correct, sir?
A No, sir, I was going very slow, sir.
Q But you simply looked straight ahead as you stated and did not look to see if there was a train coming from either the right or the left?
A I looked straight ahead and I saw no train, sir.”
It is urged that this court invoke the “dangerous trap” docrine, enunciated in McFarland v. Illinois Central Railroad Company, La.App., 122 So.2d 845. The above doctrine is inapplicable. Plaintiff contends that the two hopper cars located on the spur track constituted a “dangerous trap.” The evidence presented and especially the photographs and surveys unmis-takenly reveal that had the plaintiff brought his automobile under proper control at the railroad stop sign and looked to his right, he would have had an unobstructed view of the approaching train. This he failed to do by his own admission. Therefore, he is guilty of contributory negligence.
For the above and foregoing reasons the judgment of the trial court is hereby affirmed.
Affirmed.